MATTER OF S——

In DEPORTATION Proceedings

A-11621450

*Decided by Board February 24, 1960*

Nonimmigrant—Deportability, section 241(a)(9)—Employment.

Alien visitor who accepts employment without permission violates terms of admission and becomes deportable under section 241(a)(9) of the 1952 act for failure to comply with conditions of nonimmigrant status. Determination of deportability is not dependent upon whether Service regulations contain specific bar against such employment.

CHARGE:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Failure to comply with the conditions of status as a nonimmigrant visitor for pleasure [section 101(a)(15); 8 U.S.C. 1101(a)(15)].

BEFORE THE BOARD

**Discussion:** This case is before us on appeal from a decision of the special inquiry officer, dated November 6, 1959, holding the alien deportable and denying discretionary relief in the form of voluntary departure. Respondent, a 35-year-old native and last a citizen of Poland, last entered the United States on March 9, 1959, at New York as a nonimmigrant visitor for pleasure. Although the authorized period of his stay as a visitor was extended to December 9, 1959, respondent accepted employment in March 1959.

The special inquiry officer determined that prior to August 1, 1958, the appropriate regulations specifically stated that a nonimmigrant alien should not be employed during the period of his stay [8 CFR 214.2(c)]; that the regulations thereafter merely directed that the alien, seeking admission as a nonimmigrant, must agree to abide by all the terms and conditions attached to his admission as a visitor [set out in 22 CFR 41].

The special inquiry officer found that an alien may become deportable under section 241(a)(9) for failure to maintain his status in two ways: (1) the alien may abandon the activities for which he was admitted, as in the case of a student who ceases his schooling; or (2) the alien may continue the activities for which he was ad-

mitted but simultaneously engage in conflicting activities inconsistent with the purpose for which he was admitted.

The special inquiry officer concluded that in the latter instance the alleged maintenance of status becomes fictional and the alien's status as a nonimmigrant actually becomes abandoned. The special inquiry officer felt that there is an implied condition upon admission that the alien will not engage in activity which is inconsistent with his status and not required for the maintenance of such status.

For this reason, the special inquiry officer held that "Whatever activities the respondent contemplated at the time of his arrival, which were within the area specified in 22 CFR 41.40 [which defines the word "pleasure" as it relates to a visitor], it is clear that by taking regular full-time employment in the United States, he made it either completely impossible to carry on such permissible activities, or reduced the time available for such permissible activities to a point where they would become merely a fiction indulged in for the purpose of maintaining his theoretical status." Hence, the special inquiry officer held that the alien had violated the conditions of his status by taking employment and was deportable.

According to State Department regulations, a visitor for pleasure is an alien who seeks to enter the United States temporarily as a tourist or for some other legal purpose such as health, to visit with relatives, etc. [22 CFR 41.40(c)]. In addition, the Immigration Service has issued printed material putting nonimmigrant aliens on notice that they may not engage in employment without permission of the Immigration Service [Form I 358, which is routinely given to all entering nonimmigrant aliens].

The Immigration Service's view, sustained by the special inquiry officer, is that the changes in the regulations in 1958 did nothing to change the requirements for admission as a nonimmigrant. We feel that the Immigration Service's view correctly reflects the effect of the regulation change.

Since respondent took employment, which was both not permissible and inconsistent with his status as a nonimmigrant visitor, he has clearly violated the terms of his admission and clearly failed to comply with the conditions of his status as a nonimmigrant visitor. He is thus definitely deportable under section 241(a)(9).

In connection with respondent's application for voluntary departure, the special inquiry officer found that the alien had entered France about 12 years ago as a refugee, where he was required to obtain permission to accept employment. However, in spite of his background, the alien testified that he was unaware that he was not permitted to work in the United States and the special inquiry officer found this testimony unbelievable.

Similarly, the special inquiry officer finds respondent's testimony concerning his alleged attempts to reveal his employment to the

proper authorities and circumstances surrounding his applications for extension of the period of his temporary stay to be incredible. The special inquiry officer determined that the record further established that respondent at the time of his arrival intended to work in the United States, although this was impossible by law [See, sworn statement of October 13, 1959].

Consequently, the special inquiry officer ruled that "Upon consideration of all of the facts of record, taking into particular consideration his intent at the time of arrival, the celerity with which he sought employment immediately after his arrival, and the nature of his testimony regarding the making of his applications for extensions of stay, I feel that the requested relief should be denied as a matter of administrative discretion."

The special inquiry officer had an opportunity to observe the demeanor of the alien as a witness and to evaluate his testimony. Hence, his judgment is entitled to great weight, especially in case of a recent entrant like respondent. Consequently, we agree with the special inquiry officer's denial of discretionary relief. Counsel has cited *Matter of Z——*, 5 I. & N. Dec. 514 (B.I.A., 1953), and *Matter of G——*, 6 I. & N. Dec. 208 (B.I.A., 1954), in support of his various contentions. Both of these decisions were concerned with the issue of whether the aliens were precluded from establishing good moral character under section 101(f)(6) of the Immigration and Nationality Act as aliens who had given false testimony to secure a benefit under the act. That issue has not been raised here. The special inquiry officer denied voluntary departure as a matter of discretion.

For all the foregoing reasons, the appeal must be dismissed.

**Order:** It is hereby directed that the appeal be dismissed.