MATTER OF WONG

In Deportation Proceedings

A-14767027

*Decided by Board July 5, 1966*

A temporary visitor for pleasure (section 101(a)(15)(B)) who accepted un-
authorized gainful employment in the United States, which is inconsistent
with his status, has violated the terms of his admission and has failed to
comply with the conditions of his nonimmigrant status; therefore, he is
deportable under section 241(a)(9) of the Immigration and Nationality Act.

CHARGES:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Failed to
comply with conditions of nonimmigrant status.

This case comes forward on appeal from an order entered by
the special inquiry officer on May 26, 1966 granting the respondent's
application requesting that he be permitted to depart voluntarily
from the United States, in lieu of deportation, and directing that
he be deported from the United States to the Republic of China on
Formosa in the event he fails to depart when and as required, and
further directing that he be deported from the United States to
the British Crown Colony of Hong Kong in the event the afore-
named country notifies the Attorney General it is unwilling to
accept him into its territory. The respondent, a 27-year-old male,
native of China and citizen of the Republic of China, has resided
continuously in the United States since his admission at San Juan,
Puerto Rico on or about July 20, 1965 as a nonimmigrant visitor for
pleasure authorized to remain in the United States in such status
until May 30, 1966. Deportation proceedings were instituted against
the respondent on April 27, 1966.

A hearing in deportation proceedings was held at New York,
New York on May 26, 1966. On examination of the record we
find that the respondent accepted unauthorized gainful employ-
ment as a cook in Stamford, Connecticut at a salary of approxi-
mately $70 per week from August 1965 until April 25, 1966. The

704

respondent and counsel admitted the truth of the factual allegations set forth in the order to show cause and conceded deportability on the charge stated therein (pp. 3 & 4). The evidence of record clearly establishes that the respondent is subject to deportation under the provisions of section 241(a)(9) of the Immigration and Nationality Act, in that, after admission as a nonimmigrant under section 101(a)(15) of the Act, he failed to comply with the conditions of the nonimmigrant status under which he was admitted.

The points raised by counsel on appeal do not possess merit. The respondent, within a month after his admission to the United States as a nonimmigrant visitor, accepted unauthorized gainful employment in Stamford, Connecticut. The Department of State regulation (section 41.25, 22 CFR) provides that the term "pleasure" as used in section 101(a)(15)(B) of the Immigration and Nationality Act refers to legitimate activities of a recreational character, including tourism, amusement, visit with friends or relatives and rest; * * * which do not require a classification as a temporary worker, * * *. Moreover, the Senate Committee of the Judiciary in explaining the term "temporary visitor," among other things, stated: "Under no circumstances are aliens admitted as temporary visitors for pleasure to be permitted to work." (S.R. 1137, 82d Cong., 2d Sess., p. 19). The record clearly shows that the respondent accepted unauthorized gainful employment in the United States, which is not permissible and is inconsistant with the status of a nonimmigrant visitor. Hence, he has clearly violated the terms of his admission and failed to comply with the conditions of his status as a nonimmigrant visitor. Proposed legislation, presently pending in the Congress of the United States to provide for the relief of certain refugees from the Dominican Republic, is not pertinent to the disposition of this appeal. Counsel's request that the respondent's deportation be stayed is a matter of administrative consideration and determination by the Service. For the reasons hereinbefore set forth, the following order will be entered.

**ORDER:** It is ordered that the appeal be dismissed.