MATTER OF QUAN

In Section 246 Proceedings

A-12776380

*Decided by Deputy Associate Commissioner October 12, 1967*

Since the Service may exercise discretion in determining whether rescission proceedings under section 246 of the Immigration and Nationality Act shall be instituted in any individual case, where respondent is the mother of two U.S. citizen children and there is no indication that she had knowledge of her husband's false claim to citizenship at the time of adjustment of her status under section 245 of the Act as a nonquota immigrant in 1963 or at any time prior to his confession of alienage in 1965, the District Director's order rescinding respondent's adjustment of status is vacated as improvident.

The applicant is a 33-year-old native and citizen of Peru. She last entered the United States as a temporary visitor on December 21, 1961. Her status was changed to that of a nonimmigrant student on August 17, 1962. On November 7, 1962 she married QUAN Hong Seung who claimed to be a citizen of the United States. On December 4, 1962 he submitted a visa petition on behalf of the applicant. The petition was approved by the Service on December 30, 1962 to accord her nonquota classification as the spouse of a citizen of the United States. On March 1, 1963 her application under section 245 of the Immigration and Nationality Act was approved by the District Director of the Service at New York City to accord her status as a permanent resident alien. The applicant has since given birth to two daughters, both born in Brooklyn, New York, on November 21, 1963 and May 20, 1965 respectively.

On November 23, 1965, the applicant's husband confessed that he was not a citizen of the United States, that he was, in fact, a native and citizen of China, and that he had entered the United States by falsely claiming to be a United States citizen. On July 1, 1966 the District Director notified the applicant that, pursuant to section 246 of the Act, he intended to rescind her adjustment of status, on the ground that she was not entitled to the nonquota immigrant status which had been accorded her as the spouse of a United States citizen. She was granted

30 days from the date of the notice to submit representations against the proposed rescission or to request a hearing before a special inquiry officer. When she failed to respond, the District Director on March 20, 1967 ordered that the adjustment of status which had been granted the applicant on March 1, 1963 be rescinded, in accordance with section 246 of the Act and 8 CFR 246.2.

The matter is now before me on certification, for a determination of whether the rescission order was properly entered and should be allowed to stand. In that connection, consideration has been given to the provisions of section 241(f) of the Act which reads as follows:

The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry who is the spouse, parent, or a child of a United States citizen or of an alien lawfully admitted for permanent residence.

The applicant is the parent of two United States citizens. If she had been permitted to enter the United States after applying for admission at a port of entry in possession of a nonquota visa fraudulently obtained by misrepresenting herself to be the spouse of a United States citizen, and if she were otherwise admissible at the time of such entry, it is clear that she would be within the purview of section 241(f) and would be saved from deportability.

However, in the instant case the applicant acquired permanent resident status through adjustment of status under section 245 of the Act rather than through admission as an immigrant at a port of entry. In *Matter of Alemis*, Interim Decision #1794, the Board of Immigration Appeals held that section 241(f) of the Act relates only to the question of deportability and does not relate to rescission proceedings under section 246 of the Act. The Board held, therefore, that section 241(f) may not be invoked to bar rescission proceedings in the case of an alien whose status had been adjusted to that of a lawful permanent resident when it is discovered that the alien was ineligible for adjustment. It follows from the Board's holding in Alemis that, if rescission proceedings were properly instituted in the instant case, they would not be barred by section 241(f).

Pursuant to section 246 of the Immigration and Nationality Act the Service has the authority to rescind an adjustment of status within five years after the adjustment, when it appears that the alien was ineligible therefor. However, the Service may exercise discretion in determining whether rescission proceedings should be instituted in any individual case. In the instant case, the applicant is the mother of two

children who are citizens of the United States and there is no indication that she had knowledge of her husband's alienage at the time she applied for adjustment of her status or at any time prior to his confession of alienage.

Under these circumstances the expungement of adjustment of status would be an excessively harsh consequence. Upon consideration of all the factors involved, it is concluded that the District Director's order rescinding the applicant's adjustment of status was improvident and should be vacated, and that no action should be taken to disturb the grant of adjustment of status in the instant case.

*It is ordered* that the order of the District Director dated March 20, 1967 entered pursuant to the authority of section 246, Immigration and Nationality Act, rescinding the applicant's adjustment of status be, and hereby is, vacated.