MATTER OF ALEMIS

In Section 246 Proceedings

A-13449868

*Decided by Board July 12, 1967*

Section 241(f) of the Immigration and Nationality Act, as amended, and the Supreme Court decision in *Immigration and Naturalization Service* v. *Errico-Scott*, 385 U.S. 214 (1966), are limited solely to a deportation proceeding and are not applicable to a rescission proceeding under section 246 of the Act.

ON BEHALF OF RESPONDENT:
Angelo Karras, Esquire
79 West Monroe Street
Chicago, Illinois 60603
(Brief filed)

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney
(Brief filed)

The respondent, a native of Greece and a citizen of Australia, appeals from an order entered by the special inquiry officer on February 13, 1967 rescinding his adjustment of status on May 7, 1964 under section 245 of the Immigration and Nationality Act. Counsel on appeal urges error in that the special inquiry officer's decision is contrary to a decision rendered by the Supreme Court in the case of the *Immigration and Naturalization Service* v. *Errico-Scott*, 385 U.S. 214 (1966).

The facts of the case are fully set forth in the opinion of the special inquiry officer and are not in dispute. Briefly, they establish that the respondent, a married alien, 31 years of age, last entered the United States through the port of Huron, Michigan on February 15, 1964. He was admitted as a nonimmigrant visitor. He married a citizen of the United States at Chicago, Illinois on February 21, 1964. A visa petition filed by his wife was approved by the Immigration Service and on May 7, 1964 his status was adjusted to that of a permanent resident alien under section 245 of the Immigration and Nationality Act.

A notice of rescission was served upon the respondent on August 4, 1965. It charges, *inter alia*, that the respondent was not eligible for an adjustment of his status on May 7, 1964 because he was not legally married to a citizen of the United States and therefore not entitled to

classification as the spouse of a United States citizen under section 101(a)(27)(A) of the Immigration and Nationality Act because at the time of his marriage on February 21, 1964 he was then lawfully married to Sylvia Alemis, nee Chemello, then residing at Sydney, Australia. The special inquiry officer finds that the respondent was not eligible for an adjustment of his status under section 245 of the Immigration and Nationality Act on May 7, 1964 because an immigration visa was not immediately available to him since he was, at the time of his last entry, a quota alien and the nonpreference portion of the quota for Greece was then oversubscribed.

Counsel for the respondent contends that the respondent acted in good faith when he married Christine Koulis on February 21, 1964 as he honestly believed that he had been divorced by his first wife and was then free to marry. The record establishes that the respondent divorced his first wife on March 31, 1965; that he remarried his citizen wife on April 13, 1965; that they have lived together as man and wife and that a child was born to the respondent and his wife at Chicago, Illinois on December 27, 1965. Counsel argues that the respondent's case is governed by the decision of the United States Supreme Court in the case of *Immigration and Naturalization Service* v. *Errico-Scott*, 385 U.S. 214 (1966). The *Errico-Scott* case involved two aliens who obtained a preferred immigration status by fraud and misrepresentation. The issue before the Supreme Court was whether section 241(f) of the Immigration and Nationality Act saves an alien from deportation who misrepresents his status for the purpose of evading quota restrictions, if he has the necessary familial relationship to a United States citizen or a lawful permanent resident alien. The respondent now has the relationship required by section 241(f) (*supra*).[1]

The respondent relies upon section 241(f) of the Immigration and Nationality Act as it has been construed by the United States Supreme Court in the *Errico-Scott* case (*supra*) to avoid the withdrawal of his status as a permanent resident alien. The court stated that "the fundamental purpose of this legislation was to unite families" and that to give meaning to the statute it must be construed as saving from *deportation* an alien who misrepresents his status for the purpose of evading quota restrictions provided he has the required relationship to a United

---

[1] Section 241(f) reads as follows:

The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure or have procured visas or other documentation or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry who is a spouse, parent, or a child of a United States citizen or an alien lawfully admitted for permanent residence.

States citizen or lawful permanent resident alien. Counsel maintains that the respondent is within that class of aliens sought to be protected by section 241(f) from their misrepresentation in procuring visas or other documentations since he is the spouse and parent of a wife and son who are citizens of the United States.

The issue before us, however, is whether the respondent was "eligible" for the adjustment of status which he received on May 7, 1964. There is no question but that a bona fide marriage was not in existence at the time the respondent's status was adjusted under the provisions of section 245 of the Immigration and Nationality Act. There is evidence of record that the respondent has now adjusted his marital status and should deportation proceedings be instituted he would have available to him those avenues of discretionary relief which are available to other aliens in his position. There is no showing in this record that the respondent cannot adjust his immigration status under section 245 of the Immigration and Nationality Act if he again applies for such relief based on his present legal marriage.

The *Errico-Scott* decision (*supra*) relates specifically to deportation proceedings instituted against aliens who enter the United States after fraudulent evasion of quota restrictions. Section 241(f) by its very terms has reference only to a deportation proceeding. It has no application to a rescission proceeding under section 246 of the Immigration and Nationality Act. We conclude on the basis of the foregoing that the application of the *Errico* and *Scott* decision by the Supreme Court is limited solely to a deportation proceeding and is not applicable to a rescission proceeding under section 246 of the Immigration and Nationality Act. The appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.