MATTER OF BOROUMAND

In Deportation Proceedings

A-18504220

*Decided by Board June 20, 1969*

Since there is no provision in the immigration law or regulations thereunder which authorizes a nonimmigrant under section 101(a)(15)(F)·(ii) of the Immigration and Nationality Act, as amended, to accept employment, respondent, who accepted employment following admission as the nonimmigrant spouse of a student (F-2), is deportable under section 241(a)(9) of the Act for failure to comply with the conditions of her nonimmigrant status.

CHARGE:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Failed to comply with conditions of nonimmigrant status—spouse of a student.

ON BEHALF OF RESPONDENT:
James Canfield, Esquire
450 Sansome Street
San Francisco, California 94111
(Brief filed)

ON BEHALF OF SERVICE:
Stephen M. Suffin
Trial Attorney
(Brief filed)

This appeal comes up from a decision of the special inquiry officer finding the respondent deportable as a non-immigrant who failed to comply with the conditions of her nonimmigrant status. He granted her the privilege of voluntary departure. Upon our review of the record and the arguments presented on appeal, we shall affirm his decision.

Respondent is a 25-year-old married female who entered the United States as a spouse of a student (F-2) on June 11, 1964, at New York City. She was authorized to remain in the United States until August 28, 1969. In 1966, respondent accepted employment as a housekeeper and she is now employed for a chain of discount stores. The respondent testified that she has been separated from her husband since September 8, 1968, and is presently seeking a divorce.

Counsel for the respondent maintained throughout the hearing that spouses of nonimmigrant students do not violate their status by accepting employment. He argued that there is no statute or regulation prohibiting persons in an F-2 status from working. The Service, in conjunction with its appeal brief, presented Form I-358, given to nonimmigrants, which contains the instruction that nonimmigrants are precluded from obtaining employment unless authorized by the Immigration Service. There was also presented in evidence a memorandum from the Deputy Regional Commissioner dated February 1, 1968, stating that there is no provision in the immigration law or regulations which authorizes persons in an F-2 status to accept employment (Ex. 2). Counsel for respondent on appeal contends that neither the general instructions contained in Form I-358 nor the policy statement contained in the memorandum are sufficient basis to support a deportation charge. Relying on *Matter of S——,* 8 I. & N. Dec. 574 (1960), and *Matter of Wong,* 11 I. & N. Dec. 704 (1966), counsel insists that the obtainment of employment is not inconsistent with the nonimmigrant F-2 status.

We believe that the memorandum of the Deputy Regional Commissioner gives sufficient rebuttal to counsel's argument. In that memorandum it is stated:

. . . there is no provision in the immigration laws or regulations whereby the F-2 spouse of an F-1 student may be granted permission by the Service to accept employment.

In that respect the situation of an F-2 spouse is different from that of the J-2 spouse of an exchange alien. Because of the clearly expressed congressional intent with regard to J-2 spouses, Service regulations (8 CFR 214.2(j)(1)) provide that a J-2 spouse may apply to the Service for permission to accept employment . . .

The F-2 status was created by the 1961 congressional amendment to the Immigration and Nationality Act.[1] At the same time, Congress created the J-1 and J-2 statuses, which relate to exchange visitors and their spouses. Prior to that time, spouses of students were admitted to the United States as nonimmigrant visitors. As such they were precluded from taking employment. The effect of the creating of the F-2 status was to permit the spouse to remain in the United States for an identical period in which the student was authorized by the terms of his visa.[2] Although the 1961 amendment did permit spouses of exchange visi-

---

[1] Section 101(a)(15)(F)(ii) of the I. & N. Act, as amended by section 109(a) of the Act of September 21, 1961 (75 Stat. 534).

[2] *Senate Report of the Committee on Foreign Relations on Senate Bill 1154,* S. Rep. No. 372, 87th Cong., 1st Sess. p. 18-19 (1961).

tors (J–2) the opportunity of employment, Congress declined to extend that same benefit to spouses of nonimmigrant students. It is clear from the legislative history behind the creation of the F–2 status that Congress had a limited objective: that of uniting the nonimmigrant student and his family during their temporary sojourn in the United States.[3] It had no intention of extending the privilege of employment to those persons who previously were prohibited from working under the visitor's visa. Therefore we believe that the memorandum from the Deputy Regional Commissioner and the policy outlined in Form I–358 clearly establish that the immigration law forecloses employment to F–2 nonimmigrants and we conclude respondent's employment is a ground for deportation under section 241 (a) (9) of the Immigration and Nationality Act. Accordingly, we affirm the decision of the special inquiry officer.

As we have pointed out in *Matter of Aguirre*, Interim Decision No. 1940, (BIA 1969), the execution of the special inquiry officer's order has been stayed during the pendency of this appeal.

**ORDER:** It is ordered that the appeal be and it is hereby dismissed.

*It is further ordered* that, pursuant to the special inquiry officer's order, the respondent be permitted to depart from the United States voluntarily within 32 days from the date of this decision or any extension beyond that time as may be granted by the District Director; and that in the event of failure so to depart the respondent shall be deported as provided in the special inquiry officer's order.

---

[3] *2 United States Code Cong. and Administrative News*, 2780 (1961).