MATTER OF MARTINEZ AND LONDONO*

In Deportation Proceedings

A-18618218

A-18623304

*Decided by Board February 11, 1970*

A nonimmigrant visitor for pleasure who accepts employment thereby fails to comply with the conditions of his status and is deportable under section 241(a)(9) of the Immigration and Nationality Act. [*Matter of Wong,* 11 I. & N. Dec. 704, reaffirmed.]

CHARGE:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Visitor— failed to comply (both).

ON BEHALF OF RESPONDENTS:          ON BEHALF OF SERVICE:
Leon Rosen, Esquire                Clay Doughty
11 West 42d Street                 Appellate Trial Attorney
New York, New York 10036
(Brief filed)

The cases come forward on appeal by the respondents from the decision of the special inquiry officer who found them deportable as charged but granted the privilege of voluntary departure with an alternate order that if they did not leave the United States within 30 days, they be deported to Colombia. The respondents admit the allegations of fact contained in the orders to show cause but both deny that they are deportable as charged.

The respondents are unmarried male aliens, native and citizens of Colombia, who were admitted to the United States as nonimmigrant .visitors for pleasure. Martinez was admitted at New York on March 1, 1969 and Londono was admitted at Miami, Florida on March 17, 1969. After admission both respondents obtained employment at the same corporation in Hauppauge, New York, where they are presently working. The period of time for which they were permitted to remain in the United States has

---

* Reaffirmed. See 433 F.2d 635 (1970).

since expired. Because of accepting employment while in the United States as nonimmigrants they were found deportable by the special inquiry officer as being in violation of section 241 (a) (9) of the Immigration and Nationality Act, in that, after admission as nonimmigrants under section 101 (a) (15) of the Act they failed to comply with the conditions of such status.

Counsel argues that these respondents are not deportable as charged because neither the Immigration and Nationality Act of 1952, as amended, nor any regulation promulgated by the Attorney General, prohibits a visitor for pleasure from obtaining employment during his sojourn in the United States. He points out, and it is conceded by the Service, that there is no specific section of the Act which sets forth that employment is precluded for a nonimmigrant. Counsel then alludes to the portion of section 214 (a) of the Immigration and Nationality Act that provides for the admission to the United States of nonimmigrants "at such time and under such conditions as the Attorney General may by regulations prescribe", and then points out that the Attorney General has never prescribed a regulation prohibiting employment by a nonimmigrant. Counsel contends that this being the case the respondents did not fail to comply with the conditions of their entry and are thus not deportable under section 241 (a) (9) of the Immigration and Nationality Act. The special inquiry officer rejected this argument, and, after careful study of the matter, we will affirm his decision that the respondents are deportable as charged.

Counsel concedes that the exact question now raised has been considered by us in a number of previous cases [1] but argues that these decisions are not in accordance with the applicable provisions of law and that the Board should now give further study to this specific question.

All of the cases cited above deal with the question of whether a nonimmigrant who has been admitted for a specific purpose is entitled during his brief stay in the United States to accept employment, and all the cases hold that he is not. Prior to August 1958, 8 CFR 214.2 (c) specifically prohibited the employment of a nonimmigrant. On that date and on several occasions subsequent thereto substantial portions of the Code of Federal Regulations and the Immigration and Nationality Act which related to

---

*Matter of Boroumand*, Interim Decision No. 1983 (BIA, 1969); *Matter of [...]g*, 11 I. & N. Dec. 704 (BIA, 1966); *Matter of Garvey*, 10 I. & N. Dec. [...] (BIA, 1964); *Matter of S—*, 8 I. & N. Dec. 574 (BIA, 1960); see also [...] v. *Robinson*, 246 F.2d 739 (7 Cir., 1957).

the admission of nonimmigrants were revised and expanded. 8 CFR 214.2(c) was rescinded and on October 3, 1965, section 212(a)(14) of the Immigration and Nationality Act, which contains the labor certification provisions applying to aliens who come to the United States to perform skilled or unskilled work, became law.

In the case of *Wei* v. *Robinson, supra,* which was decided when 8 CFR 214.2(c) was in effect, the court said, on page 746, that even if there was no specific proscription against employment by nonimmigrants, it would be impractical and unnecessary that there be such a statutory interdiction in the case before it. In that case *Wei* had been admitted to the United States temporarily for the specific purpose of obtaining military training from the United States Army. He completed his training course and then, instead of returning to his native country of Formosa, he remained in the United States and obtained employment. The court held that this was at such variance with the purpose for which he was admitted that he had obviously failed to maintain the nonimmigrant status under which he was permitted to be in the United States and he was deportable under section 241(a)(9) of the Act.

*Matter of Bouroumand, Matter of Garvey* and *Matter of S—, supra,* all decided since the rescission of 8 CFR 214.2(c), held that nonimmigrant students who accepted employment without permission had failed to comply with the conditions of their status. In *Matter of Wong, supra,* which is on all fours with the present case, the respondent was a temporary visitor for pleasure who accepted unauthorized gainful employment, and we held that this was inconsistent with his status and violated the terms of his admission and he was thus deportable. We are not disposed to reverse our decisions in these cases.

Although the present Act and the regulations pertaining thereto contain no specific prohibition against employment by nonimmigrant visitors, we hold that such provision is unnecessary. We call attention to the intent of Congress as set forth in Senate Report No. 1137, 82d Congress, 2d Session, page 19, in which the Judiciary Committee of the Senate in explaining the term "temporary visitor" among other things stated: "Under no circumstances are aliens admitted as temporary visitors for pleasure to be permitted to work." Also, looking at the phrase "temporary visitor for pleasure" in its plain and generally understood meaning, we cannot conclude that such visitor who obtains employment is carrying out the purpose for which he was admitted. In

485

the instant cases the respondents are gainfully employed five days a week, eight hours a day. This renders it impossible to characterize their being in the United States as visitors for pleasure.

In reaching this conclusion we do not rely on a definition of "visitor for pleasure" promulgated by the Department of State as 22 CFR 41.25, which definition was alluded to in *Matter of Wong, supra*. That regulation stated that the term "pleasure" as used in section 101(a)(15)(B) of the Immigration and Nationality Act refers to legitimate activities of a recreational character, including tourism, amusement, visit with friends or relatives and rest. Counsel contends in his brief and at oral argument that the Attorney General simply cannot adopt a State Department regulation because Congress did not empower the Secretary of State to promulgate a regulation governing the conditions of admission of a nonimmigrant, but rather it specifically empowered the Attorney General to do so. However, since our decision is in no way based on the State Department regulation, the question raised is moot and it is not necessary for us to further consider it. Further, our decision in the cases before us is not based in any way upon the Form FS 257A, which presumably was handed to the respondents when they entered the United States, which contains a notice to the alien who enters on a temporary visa that he is not permitted to work.

Finally, the present law is replete with requirements and conditions relative to those who can work. For instance, under section 101(a)(15)(H) special classes of nonimmigrant aliens are admitted to perform temporary work. And, spouses of exchange visitors, who are classified by visa symbol J-2, can apply for permission to work, whereas the spouses of nonimmigrant students, admitted under the symbol F-2, cannot work. The most important provision is section 212(a)(14), whose purpose is to protect the American labor market. This provides that those aliens coming to the United States to perform skilled or unskilled work must obtain a certification from the Secretary of Labor that there are not sufficient workers in the United States to perform the particular work and that the employment of the alien will not adversely affect the wages and working conditions of the workers in the United States similarly employed. The regulations pertaining to this section of law are very detailed. The 1968 Annual Report of the Immigration and Naturalization Service, table 4, page 34, shows that for the year ended June 30, 1968, the total number of nonimmigrant visitors for pleasure admitted to the United States was 2,042,666. The very careful safeguards that

486

Congress has erected in the law to protect the American labor market would go for naught if visitors for pleasure were free to take gainful employment during the time of their authorized stay. Construing the statute as a whole, we again arrive at the conclusion that a visitor for pleasure is not permitted to work and if he does, he has failed to comply with the conditions of his status.

For these reasons we hold that the respondents are deportable as charged and we will affirm the decision of the special inquiry officer and will dismiss the appeals.

**ORDER:** It is ordered that the appeals be and the same are hereby dismissed.

*It is further ordered* that, pursuant to the special inquiry officer's order the respondents be permitted to depart from the United States voluntarily within 30 days from the date of this decision or any extension beyond that time as may be granted by the District Director; and that, in the event of failure so to depart, the respondents shall be deported as provided in the special inquiry officer's order.