## MATTER OF RAOL

### In Deportation Proceedings

### A-20894847

*Decided by the Board March 7, 1978*

(1) Motion to reopen deportation proceedings to apply for adjustment of status under section 245 of the Act, 8 U.S.C. 1255, was properly denied by the immigration judge on the ground that the respondent was precluded from that relief under the "unauthorized employment" proviso of section 245(c) of the Act, 8 U.S.C. 1255(c).

(2) A labor certification issued on behalf of the Secretary of Labor does not operate to authorize one's employment after January 1, 1977, and at the time of applying for adjustment of status within the meaning of section 245(c)(2) of the Act, 8 U.S.C. 1254(c)(2).

(3) An alien's employment is unauthorized when it has not been approved by the Immigration and Naturalization Service.

(4) Reinstatement of voluntary departure found warranted by Board in order to facilitate the respondent's return to this country as an immigrant where sixth-preference visa petition has been approved and a visa is awaiting the respondent abroad.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant student— remained longer

ON BEHALF OF RESPONDENT:  
Harold J. Lamy, Esquire  
1400 Richards Building  
837 Gravier Street  
New Orleans, Louisiana 70112  

James Canfield, Esquire  
1100 Rockford Trust Building  
Rockford, Illinois 61101

ON BEHALF OF SERVICE:  
Sabri Kandah  
Acting Appellate Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The respondent has appealed from a May 16, 1977, decision of an immigration judge denying a motion to reopen deportation proceedings for the purpose of applying for adjustment of status under section 245 of the Immigration and Nationality Act, 8 U.S.C. 1255, and also denying a request for reinstatement of voluntary departure. Oral argument was held on October 12, 1977. The appeal will be dismissed in part and sustained in part.

The record reflects the following facts. The respondent is a 27-year-old native and citizen of India who entered the United States as a nonimmigrant student on March 29, 1972. He graduated from Texas A & M University in December of 1974 with a B.S. degree in chemical engineering. The respondent was employed by the Louisiana Air Control Commission (hereinafter referred to as the LACC), with the permission of the Immigration and Naturalization Service, as an "on-the-job trainee" in connection with his student visa. This employment commenced in March of 1975 and the authorization of employment by the Immigration and Naturalization Service expired on March 13, 1976.

The record further indicates that a labor certification application was filed by the LACC on the respondent's behalf in early 1976. This application was denied on June 14, 1976, and on June 23, 1976, the District Director denied an application for adjustment of status filed by the respondent. The respondent was subsequently found deportable at a hearing held on October 14, 1976. He was granted voluntary departure until January 14, 1977, and this period was extended by the District Director through February 25, 1977. On January 24, 1977, a second application for a labor certification was filed by the LACC.[1] This application was approved and a labor certification was issued on February 24, 1977. On March 1, 1977, the respondent filed a motion to reopen deportation proceedings for the purpose of applying for adjustment of status. Also filed on the same date was an application for adjustment of status and a petition to classify the respondent for sixth-preference status, accompanied by the labor certification.

The motion to reopen was denied by the immigration judge for the reason that the respondent was precluded from adjusting his status under section 245(c) of the Act, 8 U.S.C. 1255(c). This provision was added to the Immigration and Nationality Act by the 1976 Amendments, Public Law 94–571, 90 Stat. 2703, effective January 1, 1977. It provides, in pertinent part, that the benefits of section 245 are inapplicable to:

> (2) an alien (other than an immediate relative as defined in section 201(b)) who hereafter continues in or accepts unauthorized employment prior to filing an application for adjustment of status. . . .

The respondent admits that he has continued his employment with the LACC as a chemical engineer beyond March 13, 1976, when the permission to work as an "on-the-job trainee" granted by the Service expired. He contends, however, that approval of a labor certification

---

[1] Counsel stated at oral argument before the Board that in November 1976 another labor certification was applied for and denied as well as a visa petition based upon the labor certification. There is no evidence of this in the record before us, however.

application by the Secretary of Labor for that position removes him from the unauthorized employment bar of section 245(c).

While sympathizing with the respondent's predicament, we disagree with his position that a labor certification issued pursuant to section 212(a)(14) of the Act, 8 U.S.C. 1182(a)(14), operates to authorize one's employment within the meaning of section 245(c). By issuing a labor certification, the Department of Labor, in conjunction with its regional divisions and local state employment offices, confirms that the employment of an alien in a particular job or profession will not displace a qualified American worker. An individual or blanket labor certification is a prerequisite for obtaining an approved third or sixth-preference visa petition. See 8 C.F.R. 204.2(c)(4); 20 C.F.R. 656.1 et seq. However, the Immigration and Naturalization Service is the entity that approves a third or sixth-preference visa petition and issues an immigrant visa to an alien already in this country. See 8 C.F.R. 204.2(c)(1); 8 C.F.R. 245.1(d).

The proposition that an alien's employment is unauthorized unless the Service has given specific approval has been affirmed in numerous administrative and Federal court decisions.[2] See, e.g., Ahmed v. United States, 480 F.2d 531 (2 Cir. 1973) (maintenance of status and departure bond); Matter of Yarden, Interim Decision 2513 (R.C. 1976) (adjustment of status); Matter of Boroumand, 13 I. & N. Dec. 306 (BIA 1969) (deportation). Although Congress did not define the term "unauthorized employment" when it enacted section 245(c), we do not believe that a labor certification, standing alone, would shield an applicant for adjustment of status from the operation of that section.

Had the respondent obtained permission from the Service to continue his employment after January 1, 1977, his case would be on a different footing. Pursuant to the Service's Operations Instruction 245.9, an applicant for adjustment may be granted permission to work during the time his application for status as a permanent resident is pending. However, there is no evidence that the respondent's permission to work extended beyond March 13, 1976. Consequently, we must agree with the immigration judge that the respondent is statutorily precluded from adjusting his status due to his continuing in unauthorized employment after January 1, 1977, and at the time of applying for adjustment of status.

Counsel has notified the Board that the respondent's sixth-preference visa petition has been approved and that a visa is awaiting him in India.

---

[2] The first court decision construing the section 245(c) bar, Motamedi v. INS, 77 Civ. 123 (N.D.N.Y. May 10, 1977), held that an alien whose permission to work had expired was not precluded from adjustment of status because the Service had not notified the alien that he must discontinue his employment. This decision has been withdrawn by that court in an order dated June 20, 1977.

We have concluded that reinstatement of the privilege of voluntary departure is warranted at this time in order to facilitate the respondent's return to this country as an immigrant. Accordingly, the following order will be entered.

ORDER: The appeal is dismissed as to the denial of the motion to reopen for the purpose of applying for adjustment of status.

FURTHER ORDER: The outstanding order of deportation is withdrawn; the respondent is permitted to depart from the United States voluntarily within such time and under such conditions as the District Director shall direct; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.