MATTER OF ONAL

In Section 246 Proceedings

A-20058053

*Decided by Board October 15, 1981*
*Decided by Board November 22, 1983*

(1) Where alien respondent's labor certification was invalidated by the Department of Labor under the applicable federal regulations, rescission of the respondent's adjustment of status as a nonpreference immigrant— which was based upon the validity of that labor certification— is mandated by section 246 of the Immigration and Nationality Act, 8 U.S.C. 1256.

(2) Where the Immigration and Naturalization Service instituted rescission proceedings against the respondent within the statutory 5 year period after his adjustment of status occurred, the subsequent delay in holding the rescission hearing was not shown to be unreasonable or prejudicial, nor is it the type of delay against which the doctrine of estoppel by laches will protect.

ON BEHALF OF RESPONDENT: Aaron I. Maltin, Esquire
Cohen & Tucker
1501 Broadway
New York, New York 10036

BY: Milhollan, Chairman; Maniatis, Maguire, Morris, and Vacca, Board Members

**BEFORE THE BOARD**
(October 15, 1981)

This matter is before the Board on appeal from the immigration judge's decision of January 22, 1981, rescinding the respondent's adjustment of status to that of an alien lawfully admitted for permanent residence pursuant to section 246 of the Immigration and Nationality Act, 8 U.S.C. 1256. The appeal will be dismissed.

The respondent is a 44-year-old native and citizen of Turkey who entered the United States in May 1972, as a nonimmigrant visitor. On February 16, 1973, a labor certification was issued on his behalf as a foreign food specialty cook. Based upon this approved labor certification, the respondent's status was adjusted to that of an alien lawfully admitted for permanent residence into the United States under section 245 of the Act, 8 U.S.C. 1255, on October 24, 1973, as a nonpreference immigrant. However, in a letter dated March 5, 1974, the United States

Department of Labor informed the District Director that the respondent had not been eligible to receive the labor certification at the time it was issued and therefore, the labor certification was "declared to be invalid" pursuant to federal regulations (then in effect) at 29 C.F.R. 60.5(g).[1] Thereafter, on May 23, 1977, the District Director served the respondent with a "Notice of Intent to Rescind" his adjustment of status, in compliance with 8 C.F.R. 246.1, stating that the Department of Labor had invalidated his labor certification.[2] The respondent filed a timely answer contesting the allegations contained in the "Notice," whereupon, under 8 C.F.R. 246.3, a rescission hearing was subsequently held with the immigration judge concluding that the respondent's adjustment of status to permanent resident should be rescinded.

On appeal, the respondent argues, "The fact that [my] labor certification was withdrawn [revoked] by the Labor Department on March 5, 1974, has no effect on the proceedings. [I] was granted permanent residence in the United States on October 24, 1973. The efficacy of that document was ended when [I] was granted permanent residence based thereon." This argument is unpersuasive. First, it ignores the fact that the Department of Labor invalidated the labor certification because the respondent was not eligible therefor at the time it was originally issued, which indicates that the labor certification was invalid *ab initio*, and so of no effect at any time. Moreover, section 246 of the Act specifically contemplates a reexamination of the facts and circumstances existing at the time of the alien's adjustment of status in order to determine whether that adjustment was properly accorded. Thus, whether the Department of Labor's action is viewed as an actual *nunc pro tunc* invalidation of the labor certification or, instead, as an authorized and expert determination that the respondent was not in fact qualified and eligible to receive the labor certification, the result is the same; the respondent did not qualify for a valid labor certification, and, consequently, the entire basis upon which he obtained his adjustment of status simply did not exist.

---

[1] 29 C.F.R. 60.5(g) stated as follows:

Certifications issued pursuant to this part are invalid if the representations upon which they are based are materially incorrect. Materially incorrect, for the purposes of this paragraph, means that if the correct facts had been known a certification could not have been issued pursuant to the requirements set forth at section 212(a)(14) of the Immigration and Nationality Act.

[2] This "Notice" also stated that a Service investigation had determined the respondent was employed not as a specialty cook but only as a dishwasher and at a salary far below that specified by the approved labor certification. The investigation also found that the restaurant did not even offer a menu which properly could be termed of a "foreign food specialty" type. Our decision here is based solely upon the Department of Labor's invalidation of the labor certification and therefore we need not address this finding nor the respondent's hearsay objections [see *Matter of DeVera*, 16 I&N Dec. 266 (BIA 1977)] to inclusion in the record of the report of that investigation.

148

Section 246 of the Act states, in part, "If, at any time within five years after the status of a person has been otherwise adjusted under the provisions of section [245 of the Act]. . . to that of an alien lawfully admitted for permanent residence, it shall appear to the satisfaction of the Attorney General that the person was *not in fact eligible* for such adjustment of status, the Attorney General shall rescind the action taken granting an adjustment of status to such person. . . ." (Emphasis supplied.) Moreover, 8 C.F.R. 245.1(e) recites that, "An applicant who is a nonpreference alien seeking adjustment of status for the purpose of engaging in gainful employment in the United States, . . . is *ineligible* for the benefits of section 245 of the Act *unless* an individual labor certification is issued by the Secretary of Labor . . . ." (Emphasis supplied.) It is clear that inasmuch as a valid labor certification is a necessary prerequisite for the adjustment of status of this nonpreference alien, and his labor certification was invalid because he was not qualified therefore, he "was not in fact eligible" for adjustment of status. Therefore, rescission of that adjustment of status is mandated by section 246 of the Act.[3]

Finally, the respondent contends that because of the delay in holding the hearing only some 3 years after service of the "Notice of Intent to Rescind," rescission should be precluded under the doctrine of estoppel by laches. Estoppel by laches is an affirmative defense in which the party must establish that he changed his position to his detriment and prejudice through reliance upon the unreasonable delay in instituting actions against him. *See Akers v. State Marine Lines, Inc.*, 344 F.2d 217 (5th Cir. 1965); *Van Bourg v. Nitze*, 388 F.2d 557 (D.C. Cir. 1967); *Emle Industries, Inc. v. Patentex, Inc.*, 478 F.2d 562 (2d Cir. 1973). Here, there is no evidence to show that the respondent changed his position in any way, or that he was prejudiced or misled by the 3-year delay in commencing the rescission hearing. In any event, estoppel by laches only protects against prejudice caused by unreasonable delay in *bringing* an action, not against problems created by the pendency of the action after it is instituted. Boone v. Mechanical Specialties Co., 609 F.2d 956, 958 (9th Cir. 1979). The District Director instituted these rescission proceedings against the respondent on May 23, 1977, well within the statutorily prescribed 5 year period following the respondent's adjustment of status to permanent resident. Thus, the subsequent delay

---

[3] Under current federal regulations, the Department of Labor is no longer empowered to invalidate a labor certification; that authority now rests with the Service and American consuls. *See* 20 C.F.R. 656.30(d); Service Operations Instruction (O.I.) 204.4(c)(8); Vol. 9, Foreign Affairs Manual, Part III, 42.91(a)(14), note 9. There would seem to be no reason why the result reached herein would not obtain in an appropriate case under these new labor certification invalidation procedures as well.

of some 3 years in holding the respondent's rescission hearing is not the type of delay against which estoppel by laches will protect. *Ibid*. Morever, while the United States Supreme Court has never held the doctrine of estoppel to be applicable in immigration proceedings, in *INS* v. *Hibi*, 414 U.S. 5 (1973), the Court stated that, if appropriate at all, estoppel can only arise from "affirmative misconduct" by the Government. In this case, mere inaction in going forward with the respondent's rescission hearing cannot be construed as an affirmative act amounting to misconduct.

**ORDER:**   The appeal is dismissed.

## BEFORE THE BOARD
### (November 22, 1983)

The Immigration and Naturalization Service moves this Board to reconsider our decision of October 15, 1981, wherein we dismissed the respondent's appeal from a decision of an immigration judge rescinding his adjustment of status pursuant to section 246 of the Immigration and Nationality Act, 8 U.S.C. 1256. The Service motion requests that the Board "withdraw from its position that the Department of Labor was authorized to, and did in fact find, that the respondent was unqualified for the position [of foreign food specialty cook]." Our previous decision in this case did not in fact include such a holding. However, the motion to reconsider will be granted for the limited purpose of clarifying our prior order.

Our decision of October 15, 1981, referenced the Department of Labor's action (under long since superseded regulations) invalidating the respondent's labor certification upon which he had obtained his adjustment of status. Therein, we stated that "the Department of Labor invalidated the labor certification because the respondent was not eligible therefore at the time it was issued." We similarly referred to the Department of Labor's "determination that the respondent was not in fact qualified and eligible to receive the labor certification." The word "qualified" was used merely as a synonymous adjunct to the word "eligible," and then only with reference to the overall issuance of the labor certification. This language was not intended to suggest that the invalidation was based on an assessment by the Department of Labor of the alien's particular qualifications to adequately perform the duties of a specialty cook. In fact, as the decision of the Department of Labor was not specific as to its reasons, our decision was equally vague as to that Department's rationale for invalidating the petition.[1]

---

[1] The Department of Labor considers several factors in determining whether or not to issue a labor certification under the provisions of section 212(a)(14) of the Act, 8 U.S.C.

It was not our intent to suggest in our prior decision either that the Department of Labor had authority to find an alien unqualified to perform a particular job or that such a determination had occurred in the case before us. Accordingly, the motion to reconsider is granted for the limited purpose of clarifying this aspect of our decision of October 15, 1981.

**ORDER.** The motion to reconsider is granted.

**FURTHER ORDER:** The decision of October 15, 1981, is reaffirmed as clarified above.

---

1182(a)(14). See 20 C.F.R. 656.24(b); 29 C.F.R. 60.6 (1974). Whether an alien qualifies for the job in question, however, is not a determination expressly allocated to the Department of Labor. See *Madany* v. *Smith*, 696 F.2d 1008, 1011-13 (D.C.C. 1983); *Stewart Infra-Red Commissary of Mass:, Inc.* v. *Coomey*, 661 F.2d 1, 3 (1 Cir. 1981). This eligibility determination is vested with the Immigration and Naturalization Service. See section 204(b) of the Act, 8 U.S.C. 1154(b); 8 C.F.R. 204.1(c) and 204.2(g).