## MATTER OF PEREIRA

### In Section 246 Proceedings

### A-19331764

*Decided by Board August 10, 1984*

(1) Under current rescission regulations, the statute of limitations prescribed in section 246(a) of the Immigration and Nationality Act, 8 U.S.C. § 1256(a) (1982), is tolled by the issuance of a Notice of Intent to Rescind within 5 years of the respondent's adjustment of status. *Quintana v. Holland,* 255 F.2d 161 (3d Cir. 1958), distinguished.

(2) Section 241(f) of the Act, 8 U.S.C. § 1251(f) (1982), by its very terms, refers only to a deportation proceeding and is not applicable to rescission proceedings instituted to determine an alien's eligibility for a previous grant of adjustment of status.

ON BEHALF OF RESPONDENT:
Milton Kramer, Esquire
11 Commerce Street
Newark, New Jersey 07102

ON BEHALF OF SERVICE:
Farel Bond
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, and Vacca, Board Members

This is an appeal from the decision of an immigration judge, dated April 12, 1983, rescinding the respondent's prior grant of adjustment of status to that of a lawful permanent resident. The appeal will be dismissed.

The respondent is a 48-year-old native and citizen of Portugal. He last entered the United States on August 29, 1970, as a nonimmigrant visitor. On May 5, 1971, he filed an application for adjustment of status under section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255 (1970), seeking immediate relative status, based on his marriage to Barbara Moore, a citizen of the United States. The adjustment application was granted on January 18, 1972. On January 11, 1977, the district director notified the respondent of his intent to rescind his adjustment of status, based on his finding that the respondent's marriage to Barbara Moore was contracted fraudulently, for the sole purpose of adjusting his status to that of a permanent resident. The respondent requested a rescis-

sion hearing, which was commenced on May 11, 1977, and completed on July 8, 1981. At the conclusion of the hearing, the immigration judge entered his decision rescinding the respondent's adjustment of status.

The basis for the rescission was the immigration judge's finding that the respondent's marriage was entered into solely for immigration purposes. In reaching this conclusion, the immigration judge noted the testimony of Barbara Moore that she met the respondent through a friend of hers who had asked her if she was willing to enter into an illegal marriage with the respondent to enable him to "get into" this country. Ms. Moore indicated that she was promised a sum of money for entering into the marriage, with an additional sum to be paid for signing divorce papers 6 months after the marriage ceremony. She stated that she met the respondent 3 to 4 weeks prior to the ceremony and that she met him one other time prior to the ceremony when they had blood tests taken. Ms. Moore further testified that she was told beforehand that she would not have to live with the respondent. She stated that the marriage was never consummated, that she returned to her own home after the marriage ceremony, and that she had no knowledge of where the respondent lived. She noted that she never saw the respondent after the ceremony until the day she was to testify at the rescission hearing.

The immigration judge found the testimony of Ms. Moore, unrefuted by the respondent, to be credible. Based on her statements and the record before him, he concluded that neither of the parties intended to "engage in the normal activities of a married couple." The respondent's status as a lawful permanent resident was accordingly rescinded. The immigration judge further denied the respondent's request for relief under section 241(f) of the Act, 8 U.S.C. § 1251(f) (1982), based on his finding that the respondent was statutorily ineligible for such relief.

On appeal, counsel for the respondent reiterates his claim, made throughout his rescission hearing, that this case is barred by the 5-year statute of limitations set forth in section 246(a) of the Act, 8 U.S.C. § 1256(a) (1982), because the matter was not adjudicated within 5 years of the respondent's adjustment. It is argued that under the law of the United States Court of Appeals for the Third Circuit, where this case arises, rescission proceedings must not only be instituted, but the matter must also be adjudicated within the 5 years prescribed in section 246(a) of the Act. See *Quintana v. Holland,* 255 F.2d 161 (3d Cir. 1958). Since the immigration judge's order was entered over 5 years after the present respondent was granted adjustment of status, it is contended, rescission of that ad-

justment is inappropriate and the instant proceedings should be terminated.

We reject the respondent's argument that this case is barred by the lapse of over 5 years between the date of the respondent's adjustment and the immigration judge's adjudication of the matter. The case relied upon by counsel for this contention, *Quintana v. Holland, supra,* was decided when the regulations governing rescission differed significantly from the regulations now in effect. The differences in regulations have been discussed at some length in two decisions from two courts of appeals, *Zaoutis v. Kiley,* 558 F.2d 1096 (2d Cir. 1977), and *Singh v. INS,* 456 F.2d 1092 (9th Cir.), *cert. denied,* 409 U.S. 847 (1972). In both those cases the courts specifically distinguished *Quintana v. Holland, supra.* They found that the decision in *Quintana* (holding that rescission proceedings must have been completed within 5 years) was undermined by the change in regulations and held that under the new regulations, the 5-year time limit prescribed in section 246(a) was tolled merely by the issuance of the Notice of Intent to Rescind. *See also Wan Shih Hsieh v. Kiley,* 569 F.2d 1179, 1182 (2d Cir. 1978).

In our view, the Second and Ninth Circuits correctly analyzed both the previous and the current rescission regulations and correctly distinguished *Quintana v. Holland, supra.* Given the significant changes in the procedures for handling rescission cases since the decision in *Quintana,* we conclude that we are not bound by that case. We find that these rescission proceedings are proper in that the Notice of Intent to Rescind was issued within 5 years of the respondent's adjustment. *See Matter of Onal,* 18 I&N Dec. 147 (BIA 1981, 1983).

We turn next to the merits of this case. Upon a review of the record before us, particularly the statements of the respondent's ex-wife, Barbara Moore, we conclude, as did the immigration judge, that the Service has established by clear, unequivocal, and convincing evidence that the respondent's marriage was entered into solely for immigration purposes. We have held in the past that an immigration judge's findings regarding the believability of witnesses appearing before him are entitled to considerable weight. *See Matter of Teng,* 15 I&N Dec. 516 (BIA 1975); *Matter of S-,* 8 I&N Dec. 574 (BIA 1960); *Matter of T-,* 7 I&N Dec. 417 (BIA 1957). We note that the immigration judge, upon observing the demeanor of Barbara Moore, found her statements regarding the fraudulent nature of her marriage to be truthful. The respondent did not attempt to deny that his marriage was arranged for immigration purposes. Such a marriage is insufficient to confer immigration benefits. *See Matter of M-,* 8 I&N Dec. 217 (BIA 1958). We conclude that the re-

spondent was not eligible for immediate relative status and that his adjustment to that status was thus properly rescinded.

We further reject the respondent's claim, made during his rescission hearing, of his eligibility for relief under section 241(f) of the Act. Without reaching the question of the respondent's statutory qualification for such relief, we conclude that section 241(f) of the Act relates solely to the question of deportability and is not applicable in the present rescission proceeding instituted pursuant to section 246(a) of the Act. *See Matter of Athanasopoulos,* 13 I&N Dec. 827 (BIA 1971); *Matter of Vilanova-Gonzalez,* 13 I&N Dec. 399 (BIA 1969); *Matter of Alemis,* 12 I&N Dec. 456 (BIA 1967); *see also Matter of Quan,* 12 I&N Dec. 487 (Dep. Assoc. Comm. 1967). Section 241(f), by its very terms, has reference only to a deportation proceeding and has no application in a rescission proceeding instituted to determine whether a particular respondent was eligible for an adjustment of status previously received.

As the present respondent was not eligible for adjustment of status, his adjustment was properly rescinded. The appeal, accordingly, will be dismissed.

**ORDER:** The appeal is dismissed.