99 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gregorio Javier SALGADO-TORRES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70017.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 13, 1996.
Decided Aug. 27, 1996.
 
 1
 Petition to Review a Decision of the Immigration and Naturalization Service, INS No. Ama-mor-brf.
 
 INS
 
 2
 REVIEW DENIED.
 
 
 3
 Before: PREGERSON and TROTT, Circuit Judges, and WINMILL,* District Judge.
 
 
 4
 MEMORANDUM**
 
 
 5
 Petitioner Gregorio Javier Salgado-Torres, a native and citizen of Nicaragua, petitions for review of a decision by the Board of Immigration Appeals ("BIA" or "Board") denying him asylum and withholding of deportation. Salgado-Torres also filed with this court a motion to terminate deportation proceedings on the ground that he is a lawful permanent resident and the five-year limitations period for rescinding this status has run. We have jurisdiction over the petition under 8 U.S.C. § 1105a(a) and deny it. We lack jurisdiction over the motion and dismiss it.
 
 
 6
 Substantial evidence supports the BIA's determination that, due to changed conditions in Nicaragua, Salgado-Torres no longer has a well-founded fear of persecution. The BIA therefore did not err in affirming the immigration judge's denial of Salgado-Torres's application for asylum and withholding of deportation.
 
 
 7
 Salgado-Torres did not raise before the Board the statute of limitations issue on rescission of his lawful permanent resident status. His failure to raise this issue denies us jurisdiction to consider its merits. Mabugat v. INS, 937 F.2d 426, 430 (9th Cir.1991); see also Fisher v. INS, 37 F.3d 1371, 1376 n. 3 (9th Cir.1994) (collecting cases), modified, 61 F.3d 1366 (9th Cir.1995), and superseded on other grounds, 79 F.3d 955 (9th Cir.1996) (en banc); 8 U.S.C. § 1105a(c) ("An order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right."). Therefore, we dismiss Salgado-Torres's motion.[1]
 
 
 8
 We suggest, however, that the INS evaluate the equities in this case. Salgado-Torres entered the U.S. when he was fifteen years old. He has lived here for nearly eleven years, attending high school and college and supporting himself.[2] He applied for asylum in 1985, presenting a prima facie case of asylum eligibility. An immigration judge granted him asylum in 1988, when the Sandinistas still controlled Nicaragua. The BIA reversed this asylum grant in 1991 on the ground that conditions in Nicaragua had changed after the 1990 elections.[3]
 
 
 9
 We also note that the INS District Director has discretion to grant adjustment of status to asylees who received their asylum status before November 29, 1990, regardless of whether circumstances in their home country have changed to such an extent that they no longer have a well-founded fear of persecution. 8 C.F.R. § 209.2(a)(2). At the time the INS adjusted Salgado-Torres's status to lawful permanent resident, he statutorily qualified for asylum because his fear of persecution by the Sandinistas was well-founded. Thus, it was within the INS's discretion to allow Salgado-Torres to adjust his status to lawful permanent resident even though his fear of persecution is no longer well-founded due to changed conditions in Nicaragua. It is within the INS's discretion to cancel rescission proceedings. Matter of Quan, 12 I. & N. Dec. 487, 488 (Dep.Assoc.Comm'r 1967). It is also within the INS's discretion to grant a stay of deportation. 8 C.F.R. § 243.4. Given the unusual circumstances of this case, we suggest that the INS consider exercising its discretion.
 
 
 10
 Petition denied. Motion dismissed.
 
 
 
 *
 Hon. B. Lynn Winmill, United States District Judge for the District of Idaho, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Nothing in this disposition should be read to suggest that we have considered and rejected the idea that Salgado-Torres may not be deported until his lawful permanent resident status has been rescinded. See Matter of Saunders, 16 I. & N. Dec. 326, 329 (BIA 1977). This matter should be addressed in the already instituted rescission proceedings or in a motion to reopen before the BIA
 
 
 [2]
 Salgado-Torres also testified that he had volunteered to serve in the Marine Corps during the Gulf War but was told he could not do so until he became a U.S. citizen
 
 
 [3]
 The BIA's second ground for reversal was its decision in Matter of Canas, decided after Salgado-Torres was granted asylum. Matter of Canas, Int.Dec. 3074 (BIA 1988). This decision was subsequently reversed by the Ninth Circuit. Canas-Segovia v. INS, 902 F.2d 717, 727 (9th Cir.1990), vacated and remanded, 502 U.S. 1086 (1992), partially rev'd, 970 F.2d 599 (9th Cir.1992)