MATTER OF CHENG

In Deportation Proceedings

A–20932085

*Decided by Board November 9, 1977*

Alien employed after January 1, 1977, not precluded by section 245(c), as amended by Pub. L. 94–571, 90 Stat. 2703, from receiving adjustment of status where nunc pro tunc authorization to accept employment granted by Immigration and Naturalization Service to any alien who is the beneficiary of a visa petition filed before January 10, 1977, and who could, under 8 C.F.R. 245.2(a)(2), have properly filed an application for adjustment with that petition.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor—remained longer than permitted

ON BEHALF OF RESPONDENT:
George T. Popcheff, Esquire
5023 W. 16th Street
Speedway, Indiana 46224

ON BEHALF OF SERVICE:
George Indelicato
Appellate Trial Attorney

BY: Milhollan, Chairman; Wilson, Maniatis, Appleman, and Maguire, Board Members

In a decision dated March 29, 1977, the immigration judge found the respondent deportable as charged, denied his application for adjustment of status, and granted him the privilege of voluntary departure. The respondent has appealed from the immigration judge's decision that he was ineligible for adjustment of status under subsection (c) of section 245 of the Immigration and Nationality Act as amended by Pub. L. 94–571, 90 Stat. 2703, effective January 1, 1977. The record will be remanded.

The respondent is a 26-year-old native and citizen of China who last entered the United States on March 12, 1974, as a nonimmigrant visitor for pleasure, authorized to remain until April 5, 1974. Based upon the fact that he admitted the allegations in the Order to Show Cause and conceded deportability, he was correctly found deportable by evidence which is clear, convincing, and unequivocal. The only issue on appeal involves the immigration judge's denial of his application for adjustment of status.

The respondent married a lawful permanent resident on May 5, 1974, and a visa petition, filed by his spouse in his behalf, was approved on October 1, 1974. He filed an application for adjustment of status on January 26, 1977. At his deportation hearing on March 10, 1977, he admitted being employed without permission by the Service from December, 1975 until January 26, 1977.

The immigration judge found that the respondent apparently met all of the statutory requirements for adjustment of status except the provision in subsection (c) of section 245, as amended, by Pub. L. 94–571, 90 Stat. 2703, effective January 1, 1977. This amendment precludes an alien who continues in or accepts unauthorized employment after January 1, 1977, and prior to filing an application for adjustment, from receiving this relief. The respondent, however, contends that his employment was not unauthorized because the Service knew that he was employed and therefore acquiesced in it.

It appears that on July 18, 1977, the Central Office of the Service issued an instruction to all field offices whereby nunc pro tunc authorization to accept employment is to be granted to any alien who is the beneficiary of a visa petition filed before January 10, 1977, and who could, under 8 C.F.R. 245.2(a)(2), have properly filed an application for adjustment with that visa petition. Inasmuch as the respondent is the beneficiary of a second-preference petition filed by his wife on May 20, 1974, it appears that the instruction of July 18, 1977, would have given nunc pro tunc authorization for the respondent's employment. The respondent, therefore, would not be precluded by section 245(c) from receiving adjustment of status.

Upon a review of the record, we note a discrepancy regarding the respondent's place of birth. It appears that the immigration judge corrected the respondent's Form I–485 and Form SS–5 to read China as the respondent's place of birth (Tr. p. 9). Nevertheless, several other places in the record show Hong Kong as his place of birth. We will remand the record in order to permit the respondent to clarify his actual place of birth. The immigration judge shall then make a determination as to whether the respondent is both eligible for and deserving of the discretionary relief of adjustment of status.

ORDER: The record is remanded to the immigration judge for further proceedings consistent with the foregoing opinion and the entry of a new decision.

FURTHER ORDER: Should a decision on the application for section 245 relief be adverse to the respondent, an appropriate order shall be entered and the record shall be certified to this Board for review.