MATTER OF SAEKOW

In Deportation Proceedings

A-20940166

*Decided by Board October 11, 1979*

(1) By virtue of a Service instruction issued on July 18, 1977, an alien who is the beneficiary of a visa petition filed before January 10, 1977, and who could have properly filed an application for adjustment of status under section 245 of the Immigration and Nationality Act, 8 U.S.C. 1255, with that visa petition pursuant to 8 C.F.R. 245.2(a)(2), may presently file his adjustment application without being affected by the unauthorized employment bar of section 245(c)(2) of the Act, 8 U.S.C. 1255(c)(2).

(2) Pursuant to 8 C.F.R. 204.1(c)(2), the "filing date" of a third or sixth-preference visa petition is considered, for the purpose of allocating immigrant visa numbers, to be the date the underlying labor certification application was accepted for processing by the Labor Department.

(3) An alien who engaged in unauthorized employment after January 1, 1977, and prior to filing his application for adjustment of status is not exempted from the unauthorized employment bar of section 245(c)(2) by the Service instruction of July 18, 1977, as "the beneficiary of a visa petition filed before [January 10, 1977] . . . " where his sixth-preference visa petition was actually submitted after that date, notwithstanding the fact that the visa petition reflects a September, 1976, filing date by reason of 8 C.F.R. 204.1(c)(2); the fictional relation-back filing date established by that regulation does not bring an alien within the ambit of the instruction.

(4) The respondent must be presumed to have been put on notice by the enactment in October of 1976 of the 1976 Amendments to the Immigration and Nationality Act, Pub. L. 94-571, 90 Stat. 2703 (effective January 1, 1977), that continuing in unauthorized employment after the effective date of the amendments would cause him to become ineligible for adjustment of status.

(5) The respondent's present ineligibility for adjustment of status is a direct result not of Service regulations which allegedly permit the filing of an adjustment application only before an immigration judge on the actual date of the deportation hearing once an Order to Show Cause has been issued and thus precluded him from filing as a nonpreference applicant upon the issuance of his labor certification in November of 1976 (8 C.F.R. 242.17(d) and 245.2(a)(1)) but, instead, of his having engaged in unauthorized employment after January 1, 1977, prior to filing that application.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor—remained longer than permitted

On Behalf of Respondent:
Edwin Kroin, Esquire
225 Broadway
New York, New York 10007

On Behalf of Service:
George W. Masterton
Appellate Trial Attorney

By: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

In a decision dated March 14, 1978, an immigration judge found the respondent deportable as an overstay pursuant to section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(2), denied his applications for suspension of deportation and adjustment of status under sections 244(a)(1) and 245 of the Act, respectively, 8 U.S.C. 1254(a)(1) and 1255, but granted him the privilege of voluntary departure in lieu of deportation. Deportability has been conceded and the only issues on appeal concern the denial of the respondent's applications for discretionary relief under sections 244(a)(1) and 245. The appeal will be dismissed.

The respondent is a 29-year-old single male, a native and citizen of Thailand, who entered the United States in December of 1969 as a nonimmigrant student authorized to remain in this country until October 10, 1973. He remained longer than permitted. An Order to Show Cause was issued on June 28, 1974, and deportation hearings were conducted on August 11, 1977, and on March 14, 1978.

## ELIGIBILITY FOR ADJUSTMENT OF STATUS

On November 9, 1976, the respondent was issued a labor certification predicated upon his employment as a specialty cook, giving him a nonpreference priority date of September 29, 1976, the date his application for the labor certification was accepted for processing by the Labor Department. 8 C.F.R. 245.1(g)(2); 22 C.F.R. 42.62(b)(1) and Volume 9, Foreign Affairs Manual, Part III, 22 C.F.R. 42.62, note 1.3. Although the nonpreference quota to which the respondent is chargeable was current in November of 1976 and a visa was thus immediately available to him, the respondent did not then file an application for adjustment of status.[1]

On an unspecified date subsequent to the March 1978 deportation hearing, the respondent's certified employer submitted a sixth-preference visa petition on his behalf which was approved by the District Director in June of 1978. By virtue of 8 C.F.R. 204.1(c)(2), the approved

---

[1] See 8 C.F.R. 245.1(g)(1), revised as of January 1, 1976. In order to qualify for adjustment of status under section 245, an alien must apply for adjustment, establish that he is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and that an immigrant visa is immediately available to him.

visa petition reflects a filing date of September 29, 1976, the date the labor certification application was accepted for processing, notwith-standing the fact that the visa petition was not actually submitted to the Service until after March 14, 1978. The respondent's priority date for a sixth-preference visa in turn became the filing date of the approved visa petition, September 29, 1976. 8 C.F.R. 245.1(g)(2); 22 C.F.R. 42.62(a).

The respondent has been employed by his certified employer since July of 1975. The immigration judge concluded that the respondent was thereby precluded from adjusting his status by reason of section 245(c) of the Act, 8 U.S.C. 1255(c), as amended,[2] which excludes from the benefits of section 245:

...(2) an alien (other than an immediate relative as defined in section 201(b) of this title) who hereafter continues in or accepts unauthorized employment prior to filing an application for adjustment of status...

The respondent concedes that he continued working for his certified employer after January 1, 1977, the effective date of the section 245(c)(2) bar, and prior to filing an adjustment application; he does not contend that he ever obtained permission from the Service to engage in that employment.[3] The respondent nevertheless insists that notwith-standing his employment, he is not precluded by section 245(c)(2) from establishing statutory eligibility for adjustment of status. The respondent advances alternative arguments in support of his contention.

## Argument 1

The respondent maintains that he is within the class of aliens exempted from the bar of section 245(c)(2) by an instruction which the Central Office of the Immigration and Naturalization Service issued to all field offices on July 18, 1977. The instruction provides:

Because of numerous allegations that Service offices last January and before im-properly discouraged and refused the filing of adjustment applications submitted simultaneously with visa petitions, the following instruction is issued effective imme-diately, and regulations will be amended to reflect them: On or before December 30, 1977,[4] an alien may file an adjustment application and have it adjudicated under the law and regulations as they existed on January 9, 1977, provided that the alien has been in the United States since prior to January 10, 1977, is the beneficiary of a visa petition filed before that date which has been or will be approved, and could under 8 C.F.R. 245.2(a)(2) have properly filed an application for adjustment with that visa petition. Any alien so filing an application for adjustment may be deemed to have authorization to accept employment as of the date the visa petition was filed.

---

[2] 1976 Amendments to the Immigration and Nationality Act, Pub. L. 94-571, 90 Stat. 2703 (effective January 1, 1977).

[3] The issuance of the respondent's labor certification in November of 1976 did not operate to authorize his employment. *Matter of Raol*, 16 I&N Dec. 466 (BIA 1978).

[4] The December 30, 1977, deadline was eliminated by a subsequent Service instruction.

Thus, an alien who is the beneficiary of a visa petition filed before January 10, 1977, and who could properly have filed an application for adjustment of status with that visa petition pursuant to the simultaneous filing provisions of the regulations then in effect[5] may presently file his adjustment application without being affected by the unauthorized employment bar. *See Matter of Cheng*, 16 I&N Dec. 386 (BIA 1977).

At issue is the interpretation to be accorded the term "filed" within the phrase in the Service instruction ". . . is the beneficiary of a visa petition filed before that date . . . ." Inasmuch as his visa petition reflects a filing date of September 29, 1976, the respondent argues he qualifies for the benefits of the instruction as the beneficiary of a visa petition filed before January 10, 1977. The Service, on the other hand, has taken the position that the term "filed" in the instruction was intended to be synonymous with "submitted" and that the date the visa petition was actually submitted controls whether an alien qualifies for the benefits of the instruction. The Service accordingly maintains that the fictional relation-back filing date established by 8 C.F.R. 204.1(c)(2) does not operate to bring an alien within the ambit of the instruction. We agree with the position of the Service and hold that the date the visa petition was in fact submitted, rather than the filing date shown on the face of the petition by virtue of 8 C.F.R. 204.1(c)(2), determines whether an alien is exempted by the instruction from the bar of section 245(c)(2).

We note at the outset that the regulation in issue, 8 C.F.R. 204.1(c)(2), does not purport to relate back for all purposes the filing date of third and sixth-preference visa petitions to the date the underlying labor certification application was accepted for processing by the Labor Department. On the contrary, the regulation is explic-itly self-limiting, proving in pertinent part:

> (2) *Filing date.* In the case of a third or sixth-preference petition . . . the filing date of the petition *within the meaning of section 203(c) of the Act* shall be the date the request for certification was accepted for processing by any office within the employment service system of the Department of Labor . . . (Emphasis added.)

Section 203(c) of the Act, 8 U.S.C. 1153(c), sets forth the order of allocating immigrant visas. The object of the regulation is manifest— to place beneficiaries of approved I-140 visa petitions on equal footing *for the purpose of establishing a priority date* with beneficiaries of approved I-130 visa petitions who need not obtain a labor certification as a precondition to the filing of a petition. Nothing in the language of the regulation compels or, for that matter, supports a conclusion that the date the labor certification application is accepted for processing

---

[5] See 8 C.F.R. 245.2(a)(2), revised as of January 1, 1976.

becomes the filing date of a third or sixth-preference visa petition for the purpose of insulating an alien from the unauthorized employment bar of section 245(c)(2).

Moreover, 8 C.F.R. 204.1(c)(2) must be read in conjunction with 8 C.F.R. 204.1(c)(1) which provides:

(1) *General* . . . Before [a third or sixth-preference visa petition] may be *accepted and considered properly filed,* the petition must be accompanied by Labor Department forms . . . to which the certification under section 212(a)(14) of the Act has been affixed . . . (Emphasis added.)

It is apparent from the foregoing regulation that a third or sixth preference visa petition is not considered *properly* filed until it has been actually submitted with the requisite labor certification. Under the circumstances, we must reject the contention that the beneficiary of a visa petition whose petition was submitted after January 10, 1977, qualifies for the benefits of the Service instruction as "the beneficiary of a visa petition filed before that date . . . ."

Finally, that the Service instruction was not intended to encompass aliens who are the beneficiaries of visa petitions submitted after January 10, 1977, is evident from its stated purpose. The instruction clearly identifies the class of aliens to be benefited by its provisions, namely, those aliens whose adjustment applications may have been erroneously rejected by the Service when tendered with their visa petitions pursuant to the simultaneous filing provisions of the regulations. The instruction is remedial, designed to make whole a specified class of aliens who may have been prejudiced by the failure of the Service to follow its own regulations. An alien who was not the beneficiary of a visa petition actually submitted to the Service could not have been wronged by a refusal on the part of the Service to accept an adjustment application with that petition. Consequently, the purpose of the instruction would not be served by including such alien within the ambit of its provisions.

### Argument 2

In the alternative, the respondent submits that he was fully qualified for adjustment of status as a nonpreference applicant upon the issuance of his labor certification in November of 1976, prior to the effective date of the section 245(c)(2) bar,[6] but was precluded from filing his adjustment application at that time by Service regulations. The respondent refers to 8 C.F.R. 242.17(d) which, he maintains, permits the filing of adjustment applications only before an immigration

---

[6] Section 245(c)(2) exempts from its provisions aliens who filed an application for adjustment of status prior to January 1, 1977, the effective date of the unauthorized employment bar.

judge on the actual date of the deportation hearing once an Order to Show Cause has been issued. *See also* 8 C.F.R. 245.2(a)(1). The respondent contends that since the Service regulations governing the filing of adjustment applications deprived him of a substantive right accorded qualified aliens by the statute, to wit, the benefits of adjustment, the Service should be precluded from invoking statutory ineligibility under section 245(c)(2) and his adjustment application should be considered file d *nunc pro tunc* as of November 9, 1976.

We find the respondent's alternate argument without merit. The respondent's present ineligibility for adjustment of status is a direct result not of the Service regulations which allegedly precluded him from filing his application in November of 1976 but, instead, of his having engaged in unauthorized employment after January 1, 1977, prior to filing that application. The respondent must be presumed to have been put on notice of the consequences of continuing in unauthorized employment after January 1, 1977, by the enactment in October of 1976 of the 1976 Amendments.[7] Notwithstanding the disputed regulations, he could have eliminated section 245(c)(2) as a bar to adjustment either by terminating his employment prior to that date or by obtaining permission from the Service to thereafter continue in that employment. He did not take either course of action.

The respondent failed to heed the proscriptions of section 245(c)(2) and is not exempted therefrom by the Service instruction of July 18, 1977. He is accordingly precluded by the unauthorized employment bar from adjusting his status to that of a lawful permanent resident pursuant to section 245.[8]

## ELIGIBILITY FOR SUSPENSION OF DEPORTATION

The remaining issue before us concerns the respondent's application for suspension of deportation pursuant to section 244(a)(1). The immigration judge correctly determined that the respondent has failed to demonstrate that his deportation would result in the requisite extreme hardship to himself or to a specified member of his family and, hence, that the statutory requirements for relief under section 244(a)(1) have been satisfied. *See generally Matter of Anderson,* 16 I&N Dec. 596 (BIA 1978), and the cases cited therein. The appeal will accordingly be dismissed.

ORDER: The appeal is dismissed.

---

[7] 1976 Amendments to the Immigration and Nationality Act, Pub. L. 94-571, 90 Stat. 2703 (effective January 1, 1977).

[8] The respondent is not, of course, barred by reason of section 245(c)(2) from applying to a United States consul abroad for a visa.