## MATTER OF SORIANO

### In Visa Petition Proceedings

### A-27259736

*Decided by Board October 5, 1988*

(1) Where a visa petition has once been denied based on a finding that the marriage was entered into solely to bestow an immigration benefit, the petitioner bears a heavy burden of proof with respect to any subsequently filed visa petition involving the same beneficiary.

(2) A petitioner may be put on notice of evidentiary requirements by means such as a requirement in the regulations that a particular document be submitted with the visa petition; a notice of intent to deny, letter, or form noting the deficiency or requesting additional evidence; or an oral statement at an interview that additional evidence is required.

(3) Where a visa petition is denied based on a deficiency of proof, the petitioner had not been put on notice of the deficiency and given a reasonable opportunity to address it before the denial, and on appeal the petitioner proffers additional evidence addressing the deficiency, the record will, in the ordinary course, be remanded to allow the Immigration and Naturalization Service to initially consider and address the new evidence.

(4) Where the petitioner was put on notice of the required evidence and given a reasonable opportunity to provide it for the record before the visa petition is adjudicated, evidence submitted on appeal will not be considered for any purpose, and the appeal will be adjudicated based on the record of proceedings before the Service.

ON BEHALF OF PETITIONER:
Scott T. Strack, Esquire
Central Pacific Plaza
220 S. King Street, Suite 868
Honolulu, Hawaii 96813

ON BEHALF OF SERVICE:
Joanna London
District Counsel

BY:  Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

The United States citizen petitioner applied for immediate relative status for the beneficiary as her husband under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. § 1151(b) (1982). In a decision dated September 8, 1986, the district director denied the petition. The record will be remanded.

The petitioner is 45 years old. The beneficiary is a 38-year-old native and citizen of the Philippines. The parties were married on October 2, 1985. The petitioner filed a visa petition on behalf of the beneficiary on December 2, 1985.

On March 14, 1986, the district director denied the visa petition. He concluded that the marriage was a sham, based on the nature and magnitude of the inconsistencies in the parties' statements at their separate interviews on February 12, 1986, the petitioner's inability to explain them, and the inadequacy of the evidence submitted by the petitioner.

The petitioner did not appeal from the district director's March 14, 1986, decision. On August 7, 1986, she filed a second visa petition on behalf of the beneficiary as her husband. Attached to the visa petition were undated affidavits of her sons, ages 16 and 17, concerning the bona fides of the marriage.

The district director denied the second visa petition on September 8, 1986, on the basis of the conclusions regarding the validity of the marriage expressed in his March 14, 1986, decision, stating also that the petitioner had not submitted any evidence indicating that her marriage was valid. The petitioner appealed. On October 20, 1986, the district director wrote to counsel for the petitioner, noting that he had failed to file a brief on appeal and advising him that he had 30 days "to submit additional evidence in support of your appeal."

On appeal, the petitioner, who maintains that the marriage is bona fide, submitted additional evidence.[1]

A marriage that is entered into for the primary purpose of circumventing the immigration laws, referred to as a fraudulent or sham marriage, has not been recognized as enabling an alien spouse to obtain immigration benefits. *Matter of Laureano*, 19 I&N Dec. 1 (BIA 1983); *Matter of McKee*, 17 I&N Dec. 332 (BIA 1980); *see also, e.g., Lutwak v. United States*, 344 U.S. 604 (1953); *Chan v. Bell*, 464 F. Supp. 125 (D.D.C. 1978); *McLat v. Longo*, 412 F. Supp. 1021 (D.V.I. 1976); *Matter of Pereira*, 19 I&N Dec. 169 (BIA 1984); *Matter of M-*, 8 I&N Dec. 217 (BIA 1958). *See generally Johl v. United States*, 370 F.2d 174 (9th Cir. 1966). The central question is whether the bride and groom intended to establish a life together at the time they were married. *See, e.g., Bu Roe v. INS*, 771 F.2d 1328 (9th Cir. 1985); *Bark v. INS*, 511 F.2d 1200 (9th Cir. 1975); *Matter of Laureano, supra; Matter of McKee, supra.*

The conduct of the parties before and after marriage is relevant to their intent at the time of marriage. *Lutwak v. United States,*

---

[1] Some of the evidence submitted is not in the record.

*supra; Garcia-Jaramillo* v. *INS,* 604 F.2d 1236 (9th Cir. 1979), *cert. denied,* 449 U.S. 828 (1980); *Bark* v. *INS, supra.* Where there is reason to doubt the validity of the marital relationship, the petitioner must present evidence to show that the marriage was not entered into for the purpose of evading the immigration laws. Such evidence could take many forms, including, but not limited to, proof that the beneficiary has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts, and testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences. *Matter of Laureano, supra; Matter of Phillis,* 15 I&N Dec. 385 (BIA 1975).

In visa petition proceedings, the petitioner has the burden of establishing eligibility for the benefits sought. *Matter of Brantigan,* 11 I&N Dec. 493 (BIA 1966). Where a visa petition has once been denied based on a finding that the marriage was entered into solely to bestow an immigration benefit, the petitioner bears a heavy burden of proof with respect to any subsequently filed visa petition involving the same beneficiary. *Cf. Matter of Laureano, supra.*

Where a visa petition is denied based on a deficiency of proof, the petitioner was not put on notice of the deficiency and given a reasonable opportunity to address it before the denial, and the petitioner proffers additional evidence addressing the deficiency with the appeal, then in the ordinary course we will remand the record to allow the district or Regional Service Center director to consider and address the new evidence. A petitioner may be put on notice of evidentiary requirements by various means, such as a requirement in the regulations that a particular document be submitted with the visa petition; a notice of intent to deny, letter, or form noting the deficiency or requesting additional evidence; or an oral statement at an interview that additional evidence is required. Where, however, the petitioner was put on notice of the required evidence and given a reasonable opportunity to provide it for the record before the denial, we will not consider evidence submitted on appeal for any purpose. Rather, we will adjudicate the appeal based on the record of proceedings before the district or Regional Service Center director. *See Matter of Obaigbena,* 19 I&N Dec. 533 (BIA 1988). In such a case, if the petitioner desires further consideration, he or she must file a new visa petition.

The district director first pointed out the deficiencies of proof with respect to the second visa petition when he denied that petition, and he suggested thereafter that the petitioner submit new evidence. We note also that the district director was in error in stating that the petitioner had submitted no evidence with the

second visa petition. The affidavits of the petitioner's children were evidence, albeit of weak probative value.

Accordingly, we shall remand this matter to the district director so that he may consider the evidence submitted on appeal, bearing in mind the petitioner's heavy burden of proof.

**ORDER:** The record is remanded to the district director for further proceedings consistent with the foregoing opinion and the entry of a new decision.