992 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Francisco SUAZO-CALDAMAS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70655.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 15, 1993.
Decided April 29, 1993.
 
 Before GOODWIN, HUG and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The issues in this case are whether the Board of Immigration Appeals ("Board") properly denied Francisco Suazo-Caldamas' motion to reopen when it found that he had not established the extreme hardship necessary for suspension of deportation, and whether the Board properly denied him the privilege of voluntary departure because the Immigration Judge ("IJ") found some of his deportation hearing testimony incredible. We have jurisdiction under 8 U.S.C. § 1105a. We vacate the Board's denial of the petitioner's motion to reopen to apply for suspension of deportation and the Board's denial of the petitioner's application for voluntary departure, and remand for further proceedings consistent with our opinion.
 
 I.
 
 3
 The petitioner, a native of Honduras, entered the United States illegally in October 1982. He conceded deportability at his deportation hearing on November 27, 1985. The IJ denied his applications for asylum, withholding of deportation, and voluntary departure on the grounds that the petitioner lacked credibility and had not met the burden of showing eligibility for relief because he had failed to show a well-founded fear of persecution.
 
 
 4
 Suazo-Caldamas filed a notice of appeal with the BIA on December 5, 1985, but attempted to withdraw his appeal "without prejudice" on February 20, 1987, so as to file a motion to reopen for voluntary departure before the IJ. The Board informed Suazo-Caldamas' counsel that an appeal could not be withdrawn without prejudice. Counsel then failed to inform the Board within the time limit established by the Board whether she was withdrawing the appeal or proceeding on the merits.
 
 
 5
 On February 20, 1987, Suazo-Caldamas filed a motion to reopen for voluntary departure, in which he informed the IJ that his brother had filed a fifth preference visa petition on his behalf, that he would like to immigrate, and would not be able to do so if deported. In 1990, subsequent counsel informed the Board that the motion was a nullity.
 
 
 6
 On July 11, 1990, Suazo-Caldamas, through new counsel, filed a motion to reopen with the Board, to apply for suspension of deportation. He informed the Board that his brother who had filed the visa petition on his behalf had died; that his employer who had filed a labor certification on his behalf had died; that he was the father of a United States citizen child born in February 1990; and that his wife was a legal permanent resident.
 
 
 7
 On August 23, 1991, the Board affirmed the denial of asylum and withholding of deportation, and refused to grant voluntary departure and to reopen to apply for suspension of deportation.
 
 II.
 
 8
 The Board denied the motion to reopen to apply for suspension of deportation because it concluded that Suazo-Caldamas' family ties in the United States and conclusory statements of possible hardship did not constitute a prima facie showing of extreme hardship, under INS v. Wang, 450 U.S. 139 (1981), and Vasquez v. INS, 767 F.2d 598 (9th Cir.1985).
 
 
 9
 We review the Board's decision to deny a motion to reopen for an abuse of discretion. INS v. Rios-Pineda, 471 U.S. 444, 449-50 (1985); Vasquez, 767 F.2d at 601-02. The Board will not grant a motion to reopen unless the alien establishes a prima facie case of eligibility for the underlying relief sought. INS v. Abudu, 485 U.S. 94, 104 (1988). If the Board considered "all relevant facts bearing upon extreme hardship [and] articulate[d] the reasons for denying suspension of deportation," the Board did not abuse its discretion in denying the motion. Bu Roe v. INS, 771 F.2d 1328, 1333 (9th Cir.1985). We may reverse the Board's determination that the petitioner's evidence did not establish a prima facie case of statutory eligibility for suspension of deportation only if the evidence was so compelling that no reasonable factfinder could fail to find that he had demonstrated extreme hardship. See INS v. Elias-Zacarias, 112 S.Ct. 812, 817 & n. 1, 117 L.Ed.2d 38, 44 & n. 1 (1992).
 
 
 10
 Suazo-Caldamas raises two evidentiary issues concerning the Board's consideration of his motion. First, he contends that the Board, in considering his motion to reopen, should have considered the evidence attached to his earlier appeal, because the motion referred to that evidence. The Board does not consider evidence submitted to it in the form of an appeal. See Matter of Soriano, 19 I & N Dec. 764 (BIA 1988). However, a motion to reopen must be supported by evidence that was not before the IJ, 8 C.F.R. § 3.2, and the Board, therefore, should have considered the evidence.
 
 
 11
 Next, Suazo-Caldamas contends that the Board impermissibly required corroboration of his affidavit, in violation of Reyes v. INS, 673 F.2d 1087 (9th Cir.1982). The Board stated that his claims were not supported by any evidence other than the petitioner's affidavit. The Government explains on appeal that the Board was simply requiring more specific evidence than the petitioner set forth in his affidavit.
 
 
 12
 In holding that Suazo-Caldamas had not established "extreme hardship," the Board noted that the hardship alleged by Suazo-Caldamas was "not unlike" that faced by many aliens upon deportation and was not "especially unique or compelling." We recognize that the Board has the authority to construe "extreme hardship" narrowly. Wang, 450 U.S. at 145.
 
 
 13
 However, as Suazo-Caldamas argues, the Board's discussion of his claims does not indicate that the Board gave any individualized consideration to the situation of his wife and child. The BIA must consider the specific circumstances of citizen children and "reach an express and considered conclusion" as to the effect of those circumstances upon those children. Cerrillo-Perez v. INS, 809 F.2d 1419, 1422 (9th Cir.1987). The Board does not appear to have given any real consideration to the effect of Suazo-Caldamas' deportation on his child or wife, or to the other allegations made by him in his affidavit, including the other factors that bear on the total evaluation of hardship. Conclusory statements about hardship do not discharge the Board's duty to give reasons showing that it properly considered the facts. See Prapavat v. INS, 662 F.2d 561, 562-63 (9th Cir.1981).
 
 
 14
 Accordingly, we vacate the Board's decision affirming the denial of the motion to reopen to apply for suspension of deportation and remand for such consideration.
 
 III.
 
 15
 Suazo-Caldamas contends that the Board abused its discretion by denying voluntary departure based on the IJ's finding of lack of credibility and by failing to consider positive factors in the record. The IJ did not address Suazo-Caldamas' statutory eligibility for voluntary departure.
 
 
 16
 Voluntary departure may be granted to an alien who establishes that he is a person of good moral character and can depart the United States at his own expense. 8 U.S.C. § 1254(e). The decision to grant or deny a request for voluntary departure is wholly within the discretion of the Board. Estrada-Posadas v. INS, 924 F.2d 916, 920 (9th Cir.1991). We review only to determine whether discretion was actually exercised and whether the manner in which it was exercised was arbitrary or capricious. Id. The Board must support its conclusion with a reasoned explanation based on legitimate concerns. Id.
 
 
 17
 The Board based its denial in part on the IJ's finding that Suazo-Caldamas was not credible during his testimony. Credibility findings must be based on substantial evidence. DeValle v. INS, 901 F.2d 787, 792 (9th Cir.1990). The IJ pointed to discrepancies in Suazo-Caldamas' testimony which do appear in the record, and we cannot say that the IJ's conclusion was baseless.
 
 
 18
 However, the Board's statement that the record transcript showed that Suazo-Caldamas had presented "no evidence" in support of his application for voluntary departure ignores his testimony that he had no criminal record, which is relevant to the requirement of good moral character. It also ignores the information contained in his asylum application, which stated that his brother was a legal permanent resident of the United States at the time of his hearing.
 
 
 19
 Moreover, Suazo-Caldamas explains the inconsistencies in his testimony, argues that they were trivial, and contends that, in the absence of other evidence detracting from his proof of good moral character, the finding of lack of credibility is not an adequate basis for rejecting his request for voluntary departure. Credibility was an issue in Estrada-Posadas, where we affirmed the denial of a request for voluntary departure. 924 F.2d at 920-21. Although we noted that Estrada had not explained discrepancies between her written application and her oral testimony, the Board actually relied upon the fact that she had twice used alien smugglers to enter the United States illegally. Thus, we concluded that the Board "reasonably doubted" her willingness to leave the United States and her implied promise not to return. Id. at 920. The Board referred to no similar conduct on the part of Suazo-Caldamas.
 
 
 20
 We conclude that the Board's reliance on inconsistencies in the petitioner's testimony, and the IJ's finding of lack of credibility, constituted an arbitrary and capricious exercise of discretion in light of the other record evidence. Because we vacate the Board's denial of voluntary departure, we need not reach the additional issues raised by Suazo-Caldamas.
 
 
 21
 VACATED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3