**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 01-60352**
**Summary Calendar**

---

**SYLVESTER OSITA ARINZE,**

                                                    **Petitioner,**

**versus**

**JOHN ASHCROFT, U.S. Attorney General,**

                                                    **Respondent.**

---

**Petition for Review of an Order**
**of the Board of Immigration Appeals**
**BIA No. A28-583-393**

---

October 23, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Sylvester Osita Arinze, a citizen of Nigeria, seeks review of a final order of deportation issued by the Board of Immigration Appeals. He contends: the BIA erred in requiring proof of cohabitation in determining whether Arinze entered into a qualifying marriage in good faith, *see* 8 U.S.C. § 1186a(c)(4)(B); the BIA erred in interpreting that section and in failing to consider his poverty as a relevant factor; and the BIA erred in concluding that deportation would not result in extreme hardship

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

when it denied Arinze's petition for suspension of deportation pursuant to 8 U.S.C. § 1254(a)(1) (repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 § 308(a)(7), 110 Stat. 3009-615).

## I.

Arinze entered the United States in November 1983 as a non-immigrant visitor; and, although his visa authorized him to stay in the United States until 20 May 1984, he remained to attend school and work. Arinze married Cassandra Sayles, a United States citizen, in 1987. Arinze and Sayles divorced in January 1990.

On 21 February 1990, Arinze and Sherry Drew were married. Based on this marriage, Arinze was granted conditional lawful permanent resident status on 19 March 1991.

On 28 April 1991, Arinze threatened Drew and assaulted her with a deadly weapon. Arinze was charged with felony aggravated assault, pleaded *nolo contendre*, was sentenced to five years probation, and was directed to have no contact with Drew during his probation. Arinze petitioned for dissolution of the marriage, and a final divorce decree was issued on 16 September 1991.

In an application dated 5 January 1993, Arinze petitioned for removal of the conditional basis of his permanent resident status, applying for a hardship waiver because his marriage to Drew ended in divorce. *See* 8 U.S.C. § 1186a(c)(4)(B). On 8 December 1994, the Immigration and Naturalization Service informed Arinze it

2

intended to deny his petition for hardship waiver, concluding "a lawful and cohabitational marriage did not exist" between Arinze and Drew. On 10 January 1995, the INS received Arinze's overdue response to the notice of intent to deny; and the INS denied Arinze's petition for hardship waiver because Arinze failed to submit sufficient proof of cohabitation and a bona fide spousal relationship. Accordingly, on 11 January 1995, INS terminated his conditional lawful permanent resident status.

Deportation proceedings were commenced, and Arinze petitioned for a hardship waiver under 8 U.S.C. § 1186a(c)(4)(B) and applied for suspension of deportation under former section 244 of the Immigration and Nationality Act, 8 U.S.C. § 1254 (1994). Arinze submitted his divorce decree, affidavits, telephone and utility bills, a month-to-month lease running from May until July 1990, an expired health insurance policy, and a furniture receipt. After several hearings, the Immigration Judge, on 13 October 1995, found that Arinze had not met his burden of demonstrating that the qualifying marriage was entered into in good faith. In an order dated 6 March 1996, the Immigration Judge denied Arinze's request for suspension of deportation because deportation would not result in extreme hardship to him or his United States citizen daughter. (Arinze married a citizen of Great Britain, who entered the United States in 1995. Arinze's wife gave birth to their daughter on 12 November 1995.) On 26 March 2001, the BIA adopted and affirmed the Immigration Judge's decisions. It noted that Arinze lived in

3

Nigeria until he was 23 and decided: the evidence failed to prove cohabitation; Arinze had not shown that he could not find employment in Nigeria; and Arinze failed to explain why his family in Nigeria could not help him.

II.

Judicial review of a deportation order is limited. A final order of deportation is reviewed on the administrative record upon which the order is based, and the court will sustain an order that is supported by "reasonable, substantial, and probative evidence". *Carbajal-Gonzalez v. I.N.S.,* 78 F.3d. 194, 197 (5th Cir. 1996) (*quoting* 8 U.S.C. § 1151a(a)(4) (1994)), *cert. denied*, 510 U.S. 995 (1993). The substantial evidence standard "requires only that the Board's conclusion ... be substantially reasonable." *Animashaun v. I.N.S.,* 990 F.2d 234, 237 (5th Cir. 1993). Because a hardship waiver is only available at the discretion of the Attorney General, our review is limited further to whether there has been an abuse of that discretion. *See Nyonzele v. I.N.S.,* 83 F.3d 975, 979 (5th Cir. 1996) (statutory grant of discretion for hardship waivers, asylum requests, and voluntary departure requests requires abuse of discretion standard); *see also I.N.S. v. Yang,* 519 U.S. 26, 30 (1996) (interpreting similar language of 8 U.S.C. § 1251(a)(1)(H)).

To be eligible for a hardship waiver, Arinze must demonstrate that the "qualifying marriage was entered into in good faith". 8 U.S.C. § 1186a(c)(4)(B). For this determination, the INS

4

considers: the commingling of assets, 8 C.F.R. § 216.5(e)(2)(i); the length of cohabitation after marriage and after the alien obtained conditional resident status; other evidence, 8 C.F.R. § 216.5(e)(2)(ii); and the conduct of the parties before and after the marriage, *see **Matter of Soriano,*** 19 I. & N. Dec. 764 (1988). Other evidence of their intent may be demonstrated, for example, by listing a spouse on insurance policies, leases, income tax forms, or bank accounts and by testimony about courtship, the wedding, or shared residences or experiences. *See **Matter of Laureano,*** 19 I. & N. Dec. 1 (1983). Furthermore, it is the alien's burden to provide "competent objective evidence" in support of a claim of a bona fide marriage. ***Matter of Ho***, 19 I. & N. Dec. 582 (1988).

Based upon our review of the record, we conclude that the BIA did not abuse its discretion in finding Arinze failed to meet his burden to prove, by a preponderance of the evidence, that the qualifying marriage to Drew was entered into in good faith. Although Arinze asserts that the issue before the BIA was proof of cohabitation and not whether the marriage was entered into in good faith, the hardship waiver requires Arinze to prove the marriage was entered into in good faith, a component of which is proof of cohabitation. *See* 8 U.S.C. § 1186a(c)(4)(B) & 8 C.F.R. § 216.5(e)(2)(ii).

The evidence shows that the couple separated five weeks after Arinze obtained conditional resident status and he filed for

5

divorce less than three months later.  Arinze did not testify, but merely relied on several affidavits and evidence submitted to INS.

With respect to Arinze's remaining contentions, section 309(c)(4)(E) of the Illegal Immigration Reform and Responsibility Act bars judicial review of the BIA's denial of Arinze's application for suspension of deportation under 8 U.S.C. § 1254. *Moosa v. I.N.S.,* 171 F.3d 994, 1013 (5th Cir. 1999).  Arinze's interpretation of 8 U.S.C. § 1186a(c)(4)(B) is wrong, because the "at fault" language in the statute has nothing to do with whether Texas provides for "at fault divorces".  Instead, the statutory "at fault" language references the time period in which the alien must petition for termination of the conditional status.  Finally, Arinze fails to point to any decision holding that poverty is a relevant factor to consider, and Arinze's claim, raised for the first time on appeal, regarding ineffective assistance of counsel is not properly before the court because Arinze has failed to exhaust his administrative remedies.  *See Goonsuwan v. Ashcroft,* 252 F.3d 383, 387, 389 (5th Cir. 2001).

### III.

For the foregoing reasons, the order of the Board of Immigration Appeals is

*AFFIRMED.*