

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2009

# Rios v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3355

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Rios v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1114.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1114

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**IMG-090**                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-3355

_____

JULIO C. RIOS,
Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,
Respondent

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(Agency No.: A78-831-418)
Immigration Judge: Honorable Frederic G. Leeds

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 11, 2009

Before: RENDELL, GREENBERG and VAN ANTWERPEN,  Circuit Judges

(Filed: June 29, 2009)

_____

OPINION OF THE COURT

_____

PER CURIAM

       In September 2001, Julio C. Rios, a native and citizen of Colombia, adjusted his

status to conditional permanent resident based on his August 2000 marriage to a United

States citizen. In March 2002, Rios discovered that his wife had become pregnant as the result of an affair she had while he was in Colombia visiting his sick father. Rios moved out of their house several months later, but he and his wife did not divorce. Later, Rios and his wife jointly submitted a petition to remove the conditions of Rios' permanent resident status. See Form I-751. Following interviews conducted by an immigration officer, the Immigration Service determined that the marriage was not entered into in good faith, denied the petition, and terminated Rios' conditional status.

Rios was charged with removability pursuant to Immigration and Nationality Act ("INA") § 237(a)(1)(D)(i) [8 U.S.C. § 1227(a)(1)(D)(i)], as an alien whose conditional permanent resident status has been terminated. Rios conceded that he was removable, but sought review of the Immigration Service's denial of the petition to remove the conditional basis of his residence. See INA § 216(c)(3)(D) [8 U.S.C. § 1186a(c)(3)(D)] (permitting such review). In support of his petition, Rios submitted evidence that he and his wife maintained a joint bank account, filed joint tax returns, and shared a phone bill. At a hearing before an Immigration Judge ("IJ"), however, Rios and his wife admitted that they had falsely stated to the immigration officer that they shared a home. Rios also confessed that, the day after the interview with the immigration officer, his wife had applied for a driver's license using his address solely to demonstrate that they were living together. Based on these admissions, the IJ concluded that there "was no way of knowing where the truth begins or the truth ends." Consequently, the IJ made an adverse credibility determination and denied Rios' petition to remove the conditional status of his

2

residence.

The Board of Immigration Appeals ("BIA") dismissed Rios' appeal. It found no clear error in the IJ's adverse credibility determination. The Board also rejected Rios' claim that the IJ improperly shifted the burden of proof to him and impermissibly focused on events that occurred after his marriage. Rios filed a timely petition for review.

We have jurisdiction over the petition for review pursuant to INA § 242 [8 U.S.C. § 1252].[1] Our review of the BIA's decision affirming the IJ's denial of Rios' petition is for substantial evidence. See Dia v. Ashcroft, 353 F.3d 228, 248 (3d Cir. 2003) (en banc); see also Huang v. Mukasey, 523 F.3d 640, 649 (6th Cir. 2008) ("[o]n appeal, we review to determine whether substantial evidence supports the factual findings underlying the IJ's decision regarding the nature of the marriage . . ."). Under the substantial evidence standard, we uphold factual findings if they are supported by reasonable, substantial, and probative evidence on the record considered as a whole. See Yusupov v. Att'y Gen., 518 F.3d 185, 197 (3d Cir. 2008). The determinations of the IJ and the BIA

---

[1] The Government contends that the petition should be dismissed because Rios's raises only conclusory arguments concerning the IJ's decision, without addressing any aspect of the BIA's order. We are sympathetic to this argument, and we view the question of waiver as a close call. See Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006) (holding that where the BIA issues its own ruling on the merits, we review only the decision of the BIA); Lie v. Ashcroft, 396 F.3d 530, 532 n.1 (3d Cir. 2005) (noting that failure to identify or argue an issue in an opening brief constitutes waiver of that argument on appeal). Nevertheless, Rios does assert that the BIA "erred in dismissing [his] appeal and affirming the decision of the [IJ]," and the arguments he makes, while framed in terms of errors by the IJ, are equally applicable to the BIA's order. Accordingly, we decline the Government's invitation to hold that Rios waived the only arguments viable in this proceeding.

3

"must be upheld unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 484 (3d Cir. 2001) (citation omitted).

An alien who marries a United States citizen may be granted conditional lawful permanent resident status. See INA § 216(a)(1) [8 U.S.C. § 1186a(a)(1)]. Within 90 days of the 2-year anniversary of the grant of conditional residence, the alien and his or her spouse must file a petition to remove the condition. See INA §§ 216(c)(1), (d)(2) [8 U.S.C. §§ 1186a(c)(1); (d)(2)]; 8 C.F.R. § 1216.2. If the Attorney General makes a favorable determination after reviewing the petition and interviewing the couple, the conditional basis of the permanent residence status is removed. See INA § 216(c)(3)(B) [8 U.S.C. § 1186a(c)(3)(B)]; 8 C.F.R. § 1216.4(b). But if the Attorney General finds that "the qualifying marriage . . . was entered into for the purposes of procuring the alien's admission as an immigrant," the Attorney General must terminate the alien's permanent resident status. See INA § 216(b)(1)(A) [8 U.S.C. § 1186a(b)(1)(A)]. A alien whose permanent resident status is terminated may have that decision reviewed in removal proceedings. See INA § 216(c)(3)(D); Cabrera-Perez v. Gonzales, 456 F.3d 109, 113 n.5 (3d Cir. 2006). In those proceedings, the burden is on the Government to demonstrate by a preponderance of the evidence that the marriage was a sham. See INA § 216(c)(3)(D). The relevant inquiry is whether the parties "intend[ed] to establish a life together at the time they were married." Bark v. INS, 511 F.2d 1200, 1201 (9th Cir. 1975). Conduct after the marriage is relevant only to the extent that it sheds light on the couple's state of mind at the time of the marriage. Id. at 1202.

Rios and his wife testified that they were in love when they got married in August 2000, but that the marriage dissolved after Rios' wife had an affair in December 2001. Significantly, though, Rios and his wife both admitted that they lied to the immigration officer and falsified Rios' wife's address on a driver's license to make it appear that they were living together.[2] Given these admissions, we conclude that substantial evidence supports the BIA's determination that Rios and his wife were not credible. Rios has failed to identify any evidence that would compel a contrary conclusion. See Abdille, 242 F.3d at 484.

Rios' additional claims are without merit. He alleges that the IJ erred in placing the burden on him to prove that his marriage had been genuine. As noted, under INA § 216(c)(3)(D), the Government bore the burden of showing by a preponderance of the evidence that Rios' marriage was fraudulent. See Hassen v. Mukasey, 534 F.3d 927, 929 (8th Cir. 2008). In his oral decision, the IJ stated that "the Government has proven that the respondents have not met their burden of proof." Reference to the respondents' burden of proof arguably suggests error. Elsewhere, however, the IJ specifically noted that the burden of proof fell upon the Government, in contrast to the case of a hardship waiver, where the alien has to demonstrate that the marriage was entered into in good

---

[2] According to Rios, his prior attorney "deliberately instructed" him to falsely claim to the immigration officer that he was living with his wife. But, to the extent Rios seeks to raise an ineffective assistance of counsel claim, he did not comply with the procedural requirements of Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988). See also Matter of Compean, 24 I. & N. Dec. 710, 735-39 (BIA 2009).

5

faith.  <u>See</u> INA § 216(c)(4) [8 U.S.C. § 1186a(c)(4)].

Rios also asserts that the IJ "focused on events and actions in which the Petitioners engaged long after the deterioration of the marriage."  It is well-settled, though, that conduct after the marriage is relevant to determine the intent of the parties at the time of the marriage.  <u>See</u>, <u>e.g.</u>, <u>Bark</u>, 511 F.2d at 1202 (9th Cir. 1975); <u>see also</u> <u>In re Soriano</u>, 19 I. & N. Dec. 764, 765-66 (BIA 1988) (citing <u>Lutwak v. United States</u>, 344 U.S. 604, 617 (1953)).  Indeed, an alien seeking to remove the conditional status of his permanent residence is statutorily required to provide, inter alia, a statement of "the actual residence of each party to the qualifying marriage since the date the alien spouse obtained permanent residence status on a conditional basis."  INA § 216(d)(1)(B)(i) [8 U.S.C. § 1186a(d)(1)(B)(i)].  Therefore, the IJ properly considered events that occurred after Rios' marriage.

For the foregoing reasons, we will deny the petition for review.