NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 9 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALDINO ABEJO BACULIO, | No. 20-73472 |
| Petitioner, | Agency No. A099-267-586 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2021[**]
Pasadena, California

Before: M. SMITH, LEE, and FORREST, Circuit Judges.

Petitioner Aldino Baculio seeks review of the Board of Immigration Appeals'

(BIA) decision denying his application for a waiver of the joint filing requirement

to remove the conditions on his permanent residency under 8 U.S.C.

§ 1186a(c)(4)(B) because he failed to establish that he entered his marriage in good

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

faith. We have jurisdiction under 8 U.S.C. § 1252(a)(1), *see Oropeza-Wong v. Gonzales*, 406 F.3d 1135, 1142–47 (9th Cir. 2005), and deny the petition for review.

We review both the Immigration Judge's and the BIA's (collectively, Agency) decisions because the BIA cited *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), and provided its own analysis of the law and the record. *See Cordoba v. Barr*, 962 F.3d 479, 481 (9th Cir. 2020). We review the Agency's findings of fact for substantial evidence and may not reverse them unless Baculio establishes that "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Etemadi v. Garland*, 12 F.4th 1013, 1020 (9th Cir. 2021).

Baculio argues that the Agency ignored his "compelling and uncontroverted evidence" that he entered his marriage in good faith, and that he adequately explained the absence of "some documents,"—for example, that he did not file a joint tax return because his ex-wife refused to cooperate with him. Baculio also asserts that his evidence demonstrates that he and his wife led a shared life. Specifically, he contends that being an authorized driver under the insurance policy for his ex-wife's car "unquestioningly proves sharing of property," and that his ex-wife's use of money from the joint bank account into which Baculio's paycheck was deposited (an assertion that he was unable to corroborate at his hearing) "is sharing."

Neither Baculio's arguments nor the evidence on which he relies establish that the agency would be compelled to conclude that he and his ex-wife married in good

2

faith with the intention to share a life together. Baculio offered no evidence of the couple's shared experiences during their brief marriage or of an intention to establish a shared life. *See Matter of Soriano*, 19 I. & N. Dec. 764, 766 (BIA 1988). For example, he described "sponsors" who tried to help the couple with their marriage issues but provided no testimony or declarations from those sponsors. His sister testified that Baculio told her he was having marriage difficulties, but she did not offer any details about the couple's intention to make a life together. Likewise, despite his assertions otherwise, the record does not establish that the couple had comingled finances. Quite the opposite.

Finally, Baculio is incorrect that the Agency "disregarded" evidence of his and his ex-wife's relationship prior to their marriage. The Agency considered all the evidence Baculio presented, including the evidence from before his marriage, but concluded that this evidence was outweighed by the circumstances of the marriage and the lack of a shared life together afterward.

Under these circumstances, we must accept as conclusive the Agency's finding that Baculio and his ex-wife did not enter their marriage in good faith. *See* 8 U.S.C. § 1252(b)(4)(B).

**PETITION DENIED.**

3